*C. Y. Lansing,* for relator.

---

## GOODRICH *ads.* JAMES.

BILL of particulars. A motion was made in this cause, to set aside the proceedings for irregularity on various grounds, amongst others that a bill of particulars had not been served. It appeared, that in pursuance of a judge's order, the plaintiff had furnished a bill of particulars, in which, instead of setting forth the items of merchandize sold, there was a general reference to "an account rendered." This, it was contended, was not a compliance with the order, and that the plaintiff consequently had no right to proceed in the suit.

ALBANY,
Oct. 1828.

Goodrich
v.
James.

A bill of particulars referring to an account rendered, is sufficiently definite. If a party is dissatisfied with a bill delivered, he must apply for further particulars.

ALBANY,
Oct. 1828.

The People
v.
Onondaga C.
Pleas.

*J. Hyde*, for defendant.

*King & Dennison*, for plaintiff.

*By the Court*, SUTHERLAND, J. The bill of particulars was sufficiently definite. It is allowable, when an account has already been delivered, to refer to is generally in the bill of particulars, without restating the items of it. (*Peake's Cas.* 172.) Besides, the party, if dissatisfied, should have obtained an order for further particulars, and had no right to consider the plaintiff in default, because he had furnished what he deemed an insufficient bill.

Motion denied with costs.