Wetmore *v.* Jennys.

SAME TERM. *Before the same Justice.*

WETMORE *vs.* JENNYS.

A defendant is entitled to a bill of particulars of the plaintiff's demand, upon counts in special assumpsit, as well as upon the common money counts.

A bill of particulars in these words, " to the first special count, damages $5000," and the same as to each of the other special counts in the declaration, is insufficient.

So of a bill giving the following specification of the plaintiff's claim upon the money counts, " balance due on settlement, &c. $5000."

So of a bill containing this particular as to the money counts: " money received at New-Orleans on account of plaintiff, $5000," without specifying any date.

---

Wetmore *v.* Jennys.

---

BILL of particulars. The first count of the declaration alleges that the defendant was acting as agent for the plaintiff in the collection of a large claim, and that by the defendant's negligence &c. he was hindered in the collection of said claim. The second count charges that the defendant was the plaintiff's attorney to collect certain claims, and that through his negligence the plaintiff was subjected to great damage. The third count sets forth that the plaintiff was possessed of certain rights of action &c., and employed the defendant to prosecute them, and that the latter was guilty of negligence. After these three special counts, the common money counts followed. The defendant having obtained an order from a judge for a bill of particulars, the following bill of particulars was furnished by the plaintiff: " To the first special count damages $5000 ;" and to each of the other special counts the same specification was given. To the common money counts the following particular was given : " balance due on settlement &c., $5000." The defendant thereupon applied to a judge, who granted an order requiring a more specific bill, with dates and items. The particulars to the special counts furnished under this second order were the same as before. To the common counts this particular was given : " money received at New-Orleans on account of plaintiff, $5000." There was no date whatever to any item.

*F. E. Mather*, for the defendant, moved for judgment of *non pros.* on account of the insufficiency of the bills of particulars. He cited *Stanley* v. *Millard*, (4 *Hill*, 50.)

*J. A. Millard*, for the plaintiff. The defendant, in an action of special assumpsit, has no right to call for a bill of particulars. (1 *Burrill's Pr.* 430. *Gra. Prac.* 510.) It is reasonable that it should be so. It is to be presumed that a declaration in special assumpsit is sufficiently specific. If it is not, the defendant's remedy is to demur. As respects the common counts, the bills furnished were sufficient, and they were a substantial compliance with the judge's order. The plaintiff's attorney

Scudder *v.* Voorhis.

did offer a third bill, more particular as to items and dates, but it was declined, as being insufficient and irregular.

EDMONDS, J.    All the bills of particulars furnished or offered in this case were defective.    The defendant had a right, on the special as well as on the common counts, to a bill of the particular demands claimed of him.    And the orders of the judge were sufficiently explicit to apprize him of what was required, yet he three times persisted in giving merely a general statement of the damages he claimed.    This was a mere evasion of the order, and justified the defendant in coming here for relief. He ought not to be required again to go to the judge, when his going there had been twice unavailing.    The motion must therefore be granted, unless the plaintiff, in ten days, furnishes a bill of particulars of the several demands which are mentioned in the three first counts of the declaration.    And this is a proper case to grant the motion, with costs; because the plaintiff, by evading the judge's order, has denied the defendant that to which he had a right, and compelled him to come here for relief.

---

SAME TERM.    *Before the same Justice.*