## DENNIS McCARTHEY

*v.*

## WILLIAM MOONEY.

1. PRACTICE — *motion to continue*. A motion for a continuance for the want of a bill of particulars under the declaration, comes too late after filing a plea in bar. To be availing, the motion must be made at the earliest practicable moment. If not sufficient, the court will rule the plaintiff to file a full and sufficient bill of particulars on a motion by the defendant.

2. VERDICT — *weight of evidence*. Before a plaintiff is authorized to recover a verdict, the evidence must preponderate in his favor. If equally balanced or the testimony preponderates in favor of the defendant, the plaintiff fails to establish a right of recovery. And a verdict unsustained by the proof, should be set aside and a new trial granted.

APPEAL from the Recorder's Court of the city of Chicago; the Hon. EVERT VAN BUREN, Judge, presiding.

This was an action of assumpsit brought by William Mooney, in the Recorder's Court of the city of Chicago, to the February

Term, 1866, against Dennis McCarthey. The declaration contained the common counts. Service was had, and defendant filed the plea of the general issue.

A motion was subsequently entered for a continuance for want of a sufficient bill of particulars filed with the declaration. This motion was overruled and an exception taken. A trial was had at the return term, by the court and a jury, which resulted in a verdict in favor of plaintiff for the sum of $230. Defendant thereupon entered a motion for a new trial, which was overruled by the court and a judgment was rendered on the verdict.

Defendant prosecutes an appeal to this court, and assigns various errors, among which is the refusal to grant a continuance, and in overruling the motion for a new trial.

Mr. O. B. SANSUM, for the appellant.

Messrs. HAINES & STORY, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by William Mooney, in the Recorder's Court of Chicago, against Dennis McCarthey The declaration contained the common counts for work and labor; for goods, wares and merchandise; the money count; and the count on an account stated. Defendant filed the general issue. A trial was subsequently had by the court and a jury, resulting in a verdict in favor of plaintiff for the sum of $230. A motion for a new trial was overruled by the court, and judgment was rendered on the verdict. Defendant has removed the case to this court by appeal, and asks a reversal on several grounds.

Defendant entered a motion for a continuance for the want of a bill of particulars. Such dilatory motions must, under the rules of practice, be made at the earliest practicable period. Such a motion, therefore, comes too late after a plea in bar to the action. This, like a motion to dismiss for want of security

for costs, pleas to the jurisdiction and in abatement, does not go to the merits, and is not favored by the courts. If such a motion may be entertained after a plea in bar, it may be at any time before the trial. And such a practice would be attended with great delay, and in no wise tend to the promotion of justice. If, however, the account is not sufficiently specific, the defendant, under the rules of practice, may apply to the court, who will grant a rule to file a sufficient bill of particulars so as to apprise the defendant of what he is to answer. This may be done at any time before the trial commences, but that would form no ground of continuance, unless it produced an actual surprise on the defendant.

Next, was the verdict against the weight of evidence? If appellant owed appellee for labor, he was bound to prove the amount and value, before he could recover. He held the affirmative, and, to succeed, was bound to prove it by a preponderance of evidence. It is true, that the law does not, under such issues, require the evidence to establish the fact beyond a reasonable doubt; but it must preponderate. If equally balanced, or it preponderates in favor of the defendant, the plaintiff must fail in his action. Usually, a creditor can prove his demand, but if he cannot, it is his misfortune and the court is powerless to afford relief.

In this case there was evidence that appellee performed labor for appellant, at different times through the year, in loading and unloading vessels with grain, and that appellant had paid him as much as seventy dollars. But no witness pretended to know the length of time he had labored, or even its probable length, or the value of the labor and the sum he had earned. Nor is the evidence such that these facts can be reasonably ascertained by inference. The witnesses stated, that, if he was constantly engaged, he could have earned at least eight hundred dollars, at the usual prices paid for such labor. But no time is fixed that he did labor. It also appeared, that, until a few weeks before the close of navigation, appellant was in the habit of paying his hands weekly, and it fails to appear that appellee was an exception to the rule. It would

be but a fair presumption, in the absence of evidence to the contrary, that appellee was paid at the same time.

After a careful examination of the evidence, we are unable to find that appellee performed any labor for appellant, after he ceased to pay his hands weekly. In the absence of some such evidence, we are at a loss to understand how an inference could be indulged, that appellee had performed such labor during that period. A careful examination of the evidence in this case, we think, shows that it is too loose, indefinite, and unsatisfactory in its character to sustain the verdict. And the court below, therefore, erred in overruling the motion for a new trial. The judgment is reversed and the cause remanded.

*Judgment reversed.*