# PROVIDENCE TOOL COMPANY v. W. A. PRADER.

BILL OF PARTICULARS.—If a bill of particulars is too general, the party receiving it should obtain an order for further particulars of the account. If he does not, he cannot proceed as if no bill of particulars was rendered.

ENTRY OF DEFAULT BY CLERK.—The Clerk derives all his power in entering a default, without an order of Court, from the statute, and when he enters a default, it must appear that all the facts existed which the law requires to authorize it.

IDEM.—When the defendant demands a bill of particulars, and obtains an order for leave to answer within ten days after the bill is served, and a bill is served which does not contain the items of account, the Clerk may enter a default and judgment if the defendant fails to answer within the ten days.

APPEAL from the District Court, Sixth Judicial District, Sacramento County.

The following is a copy of the bill of particulars furnished by the plaintiff:

" FEBRUARY 23, 1864.

" Mr. W. A. PRADER,

" To PROVIDENCE TOOL CO.

" For mdse. as per bill_____$877 94

" GEO. CADWALADER,

" Attorney for Plaintiff."

" Indorsed: Service of a copy hereof admitted this 26th day of June, 1866.

" R. C. CLARK.

" By H. McCREARY."

The other facts are stated in the opinion of the Court.

*George Cadwalader*, and *J. G. McCullough*, for Appellant.

*R. C. Clark*, for Respondent.

By the Court, CURREY, C. J.:

The plaintiff, a corporation, sued the defendant for the price of goods, wares and merchandise sold and delivered to him, with interest thereon from a date specified. The summons, with a certified copy of the complaint, was served upon the

defendant in the county in which the action was commenced, on the 14th of June, 1866. On the 22d of that month the defendant appeared by attorney and demanded of the plaintiff's attorney a copy of the account on which the action was brought, and on the day following procured from the Judge of the Court an order granting him ten days after a copy of the account should be furnished, in which to answer. On the 26th of the same month the plaintiff's attorney served on the attorney for the defendant a bill of particulars entirely general in its character. No answer having been filed, on the application of the plaintiff's attorney the default of the defendant was entered on the 7th of July, and judgment final was thereupon entered against him for the amount demanded in the complaint and costs of suit. A motion was thereafter made on the part of the defendant to vacate the judgment final, and also the default entered. The motion was heard upon the judgment roll and the papers on file in the cause and on affidavits made on behalf of the respective parties. The Court made an order granting the motion; and the plaintiff appealed.

The plaintiff's counsel has assigned as ground of error, on which he claims the order should be reversed, " that the judgment entered by the Clerk was valid and the order setting it aside was erroneous."

It was not objected by the defendant that the action was of a kind in which a default and thereupon a final judgment could not be entered by the Clerk under the conditions of the one hundred and fiftieth section of the Practice Act, if the conditions specified existed; but the reason assigned by the Court for its decision was that the Clerk's action in the premises was without authority and void, because it was necessary for him to determine judicially : First—Whether the paper purporting to be a bill of particulars was such in fact; second—When the same was served; and third—Whether it was duly served. The Court held the case of *Willson* v. *Cleveland,* 30 Cal. 198, to be decisive of the question, in which this Court said that the Clerk in entering defaults exercises no judicial

functions, but acts merely in a ministerial capacity. The same language was used by the Court in *Kelly* v. *Van Austin*, 17 Cal. 565. It is sometimes difficult to determine whether an act is judicial or ministerial. Judging and thereupon determining in a particular way is, in a general sense, the exercise of a faculty that is of a judicial quality; and in the largest sense of the term, all determinations which are the result of judgment are judicial. But the term, when applied to proceedings pertaining to a Court of justice, is limited within a less extended scope, and those acts are denominated judicial which properly pertain to the Judge alone in the exercise of his office. If the defendant fails to answer within the time required by the statute, or such further time as may have been granted, in the cases specified in the first subdivision of the one hundred and fiftieth section of the Practice Act, the Clerk, upon the application of the plaintiff, is required to enter the defendant's default and thereupon enter judgment against him for the amount specified in the summons. In such cases, the Clerk must ascertain from the complaint, that the action is of the kind mentioned in the first subdivision of said section; and further, he must ascertain when and where the summons was served, and whether the defendant be in default. The law has imposed on the Clerk the authority to determine these matters, as the necessity of a determination of them is a condition precedent to the exercise of the power to enter the default, and thereupon a judgment final for the amount demanded. These acts of the Clerk, performed in cases falling within the letter and spirit of the statute, have generally been denominated ministerial, as contradistinguished from acts judicial in their nature. (*Wallace* v. *Eldredge*, 27 Cal. 497; *Glidden* v. *Packard*, 28 Cal. 651; *Bond* v. *Pacheco*, 30 Cal. 533.) The Clerk derives all his powers from the statute, and as they are special no intendments are to be made in support of his act, but in each case it must appear that what he did was within the authority conferred upon him by the statute; and whether the act done by him be considered as purely ministerial or of a mixed nature, partaking of elements both ministerial and

judicial, is of no practical importance. The question is, had he authority to enter the defendant's default and thereupon judgment final against him as the case stood at the time ? The Judge had granted an order enlarging the time within which the defendant was required by the statute to answer. The running of the extended time was made dependent upon another fact, namely—the furnishing to the defendant by the plaintiff a copy of the account on which the action was brought.

The account was furnished on the 26th of June, and on the 7th of July the default and judgment were entered. If the defendant was completely in default on that day, there can be no doubt of the correctness of the action of the Clerk, because the case was one authorizing such action in the event named. Then, was the defendant in default on the 7th of July ? We are of the opinion he was. The demand for the account or bill of particulars was made on the 22d of June, and it was furnished four days thereafter. It was, as before observed, most general in form, but it is not pretended that any objection to it was made on that account or any other, until the motion to set aside the default was made; nor that any further account was ordered by the Judge. The fifty-sixth section of the Practice Act reads as follows : " It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but he shall deliver to the adverse party, within five days after a demand thereof, in writing, a copy of the account, or be precluded from giving evidence thereof. The Court or Judge thereof, or a County Judge, may order a further account when the one delivered is too general or is defective in any particular." If the defendant was not satisfied with the bill of particulars furnished, his course, by the settled practice in such cases, was to apply to the Court or Judge for an order for a further account. (*Dennison* v. *Smith*, 1 Cal. 437 ; *McKinney* v. *Kinney*, 12 How. Pr. R. 24.) The bill of particulars rendered in compliance with the defendant's demand, was " for merchandise as per bill, $877 94." This was as general as the complaint itself, unless the words " as per bill," might be regarded as a reference to an account

before then rendered to the defendant. If the reference made could be considered as to a bill of the particulars of the demand for which action was brought, before then furnished, the defendant could not justly complain that he was not informed for what in particular he was sued, for the object to be secured by requiring of the plaintiff a copy of the account, is to apprise the defendant of the particular nature of the demand made and what will be attempted to be proved against him at the trial. (*Brown* v. *Williams*, 4 Wend. 368 ; *Smith* v. *Hicks*, 5 Wend. 51 ; *Brown* ·v. *Hodgson*, 4 Taunt. 189 ; Graham's Practice, 515.) In *Goodrich* v. *James*, 1 Wend. 289, the bill of particulars, instead of setting forth the items of merchandise sold, referred generally to " an account rendered." It being objected to, the Court held it sufficiently definite, saying, " It is allowable when an account has already been delivered, to refer to it generally in the bill of particulars, without relating the items of it. (Peake's Cases, 172.) Besides, the party, if dissatisfied, should have obtained an order for further particulars, and had no right to consider the plaintiff in default, because he had furnished what he deemed an insufficient bill." This authority is in consonance with the settled practice referred to, imposing upon the party dissatisfied with the bill of particulars rendered the duty of applying to the Court or Judge for an order for a further account. A paper purporting to be a bill of particulars in itself and by reference to an account indicated by the words " for merchandise as per bill," having been served more than ten days before the application to enter the defendant's default was made, and the evidence thereof and the order of the Judge enlarging the time to answer being on file, the duty of the Clerk was to ascertain from the evidence of record in the case, whether the defendant was in default, and upon ascertaining that he was it was further his duty to enter his default and immediately thereafter to enter judgment for the amount demanded.

The order appealed from must be and is hereby reversed.

Mr. Justice Rhodes did not express any opinion.