SAMUEL GROSS et al., Appellants, *v.* AARON M. CLARK, Administrator, etc., Respondent.

Under the Code of Civil Procedure (§§ 531, 822) the court has power to strike out the complaint in an action, as a penalty for disobedience of an order requiring plaintiff to serve a bill of particulars.

(Argued December 6, 1881 ; decided December 15, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made May 27, 1881, which affirmed an order of Special Term, striking out plaintiffs' complaint herein.

The material facts are stated in the opinion.

*Fred'k K. Clark* for appellants. The only penalty the court has power to impose for non-service of a bill of particulars in any case is that prescribed by the Code, *i. e.*, to preclude evidence of such particulars at the trial. (Code of Civil Procedure, § 531; *Goings* v. *Patten,* 1 Daly, 170 ; *S. C.,* 17 Abb. 339 ; *Mercer* v. *Sayre,* 3 Johns. 248 ; *Watt* v. *Watt,* 2 Robt. 685 ; Steph. on Plead. 220 ; *Welland Canal Co.* v. *Hathaway,* 8 Wend. 480, 483 ; *People* v. *Bristol, etc.,* 23 id. 221, 229 ; *Reed* v. *Platt,* 2 Hill, 64, 67 ; *Weyh* v. *Boylan,* 12 Weekly Dig. 387; *Bart-*

*lett* v. *Tarbox*, 1 Abb. Ct. of App. Dec. 120; Graham's Pr. [2d ed.] 513, 515; 5 Cow. 279; *People, ex rel.*, v. *Monroe*, 4 Wend. 200; *Williams* v. *Allen*, 7 Cow. 316; *Tilton* v. *Beecher*, 59 N. Y. 176, 189.) English cases preclude evidence of particulars as the only penalty for failure to furnish them. (*Swain* v. *Roberts*, 1 M. & Rob. 452; *Young* v. *Geiger*, 6 C. B. 552; *Ibbett* v. *Leaver*, 4 D. & L. 716; *Ashworth* v. *Heathcote*, 4 M. & P. 396; 2 Tillinghast & Sherman's Pr. 54.) In an action on contract, particularly when it is on an account (as in case at bar), striking out the complaint or the imposition of any penalty, other than precluding evidence of the particulars at the trial, is without authority of law and in direct violation of the express provision of section 531 of the Code. (Code of Civil Procedure, § 531; 3 Weekly Dig. 192; 2 Tillinghast & Sher. Pr. 48; *Snelling* v. *Chennels*, 5 Dowl. P. C. 80; *Key* v. *Thimbleby*, 6 Exch. 696; 2 Wait's Pr. 341; *Horton* v. *Hanna*, 3 Weekly Dig. 192; *Rice* v. *Hele*, 55 N. Y. 518; *Lane* v. *Stebbins*, 9 Paige, 625, 626; Note on Ex. before Trial, 1 Civ. Pro. 75; *Walker* v. *Walker*, 82 N. Y. 260, 264; Code of Civil Procedure, § 1209.) The court has no power to preclude evidence of particulars by an order to that effect; it can only be accomplished by a ruling at the trial on proof of non-compliance with the order or demand for particulars, irrespective of the nature of the cause of action. (Code of Civil Procedure, § 531; *Horton* v. *Hanna*, 3 Weekly Dig. 192; *Kellogg* v. *Paine*, 8 How. 329.) Where an order for a bill of particulars is made before issue joined, it is without authority of law, and no penalty can be imposed for non-compliance therewith. (*Drake* v. *Thayer*, 5 Robt. 694; *Gee* v. *Chase Mfg. Co.*, 12 Hun, 632; *Fullerton* v. *Gaylord*, 7 Robt. 551, 557; *Matthews* v. *Hubbard*, 47 N. Y. 428; *Tilton* v. *Beecher*, 59 id. 184, 189; *Stillwell* v. *Hernandez*, 7 Daly, 485, 488; *Seaman* v. *Low*, 4 Bosw. 337, 345; *Smith* v. *Hicks*, 5 Wend. 48; *Sliebeling* v. *Jochhaus*, 21 Hun, 458; *Yates* v. *Bigelow*, 9 id. 86; 1 Civ. Pro. 72; Note on Discovery of Books, etc., id. 184.) The court, not having the complaint before it, was powerless to strike it out. (*Goings* v. *Patton*, 1 Daly, 168; *S. C.*, 17 Abb. 339; 1 Civ. Pro., § 542,

p. 280; 4 How. 174; 5 Duer, 654; 4 Sandf. 699.) No penalty
whatever could be imposed until the order for particulars was
properly served. (Code of Civil Procedure, § 797; 1 Whit-
taker's Pr. 325; 4 Wait's Pr. 618; *Solter* v. *Bridgen*, 1
Johns. Cas. 244; *Gelston* v. *Swartout*, id. 136; *Clark* v. *Clark*,
24 Hun, 343; *N. Y. Nat. Ex. Bk.* v. *Marley*, Daily Reg.,
April 19, 1881.)

*Alfred B. Cruikshank* for respondent. The orders made
below were entirely discretionary, and related to matters of
practice only, and are not reviewable here. (Code, §§ 531, 190,
subd. 2; *McCoun* v. *N. Y. C. & H. R. R. R. Co.*, 50 N. Y. 176;
*Arthur* v. *Griswold*, 60 id. 143.) The order to strike out the
complaint and for judgment was proper. (Code, §§ 531, 822;
*Baker* v. *Curtis*, 7 How. 478; *Wetmore* v. *Jennys*, 1 Barb.
53; *Purdy* v. *Warden*, 18 Wend. 671; *Barnes* v. *Henshaw*,
21 id. 426; *Stanley* v. *Millard*, 4 Hill, 50.)

EARL, J. After the plaintiffs served their complaint in this
action, the defendant obtained an order at a Special Term of
the Supreme Court, upon notice to the plaintiffs, requiring
them to serve a bill of particulars upon him within ten days
thereafter, and extending his time to answer till ten days after
such service. They not having served the bill of particulars
as required, he thereafter obtained an order at Special Term,
requiring them to show cause why the complaint should not be
stricken out.

Upon hearing the order to show cause, the court ordered
the complaint to be stricken out and dismissed, unless the
plaintiffs, within ten days, obeyed the first order of the court,
requiring the service of the bill of particulars. They still
persisting in their refusal to serve the bill of particulars, a
final order was made, after hearing both parties, striking out
and dismissing the complaint, with costs. From that order
they appealed to the General Term, and from affirmance there,
to this court.

The plaintiffs contend that the court had no power to strike

out their complaint as a penalty for not obeying its order requiring them to serve a bill of particulars. Upon the argument before us, their counsel argued several questions of practice relating to the service of papers and other matters; but those questions were finally disposed of in the court below, and are not before us on this appeal.

The Code of Civil Procedure (§ 531) provides as follows: " It is not necessary for a party to set forth in a pleading the items of an account therein alleged; but in that case he must deliver to the adverse party, within ten days after a written demand thereof, a copy of the account, etc. If he fails so to do, he is precluded from giving evidence of the account. The court, or a judge authorized to make an order in the action, may direct the party to deliver a further account where the one delivered is defective. The court may, in any case, direct a bill of the particulars of the claim of either party to be delivered to the adverse party." Under this section, the plaintiffs claim that the only penalty which could properly have been visited upon them for not serving the bill of particulars as ordered, was to preclude them, upon the trial, from giving evidence of the claim, or claims, alleged in their complaint. But it is clear that the earlier portions of the section refer exclusively to actions upon an account, and for a failure, upon a proper demand, to deliver a copy of the account, the party is precluded from giving evidence of the account upon the trial. The last sentence in the section empowers the court to direct a bill of the particulars of the claim of the plaintiff to be delivered to the defendant in any action; and when the order of the court in such a case is disobeyed, no penalty is prescribed. It is not the just inference that the law-makers intended that the only penalty which the court could impose for disobeying its order was the same which would follow upon the refusal of a party to comply with the request of an adverse party for a copy of an account.

It is frequently important that a defendant should have a bill of particulars of the plaintiff's claim before he answers, and the ends of justice require that the court should have

power to enforce the delivery of such a bill. It would frequently be embarrassing for a party to wait until the trial before he could have it determined whether he was entitled to have a bill of particulars, or whether the bill served was sufficient. Before the Code, it was the undisputed law that the court could strike out the declaration, and dismiss the action, if an order requiring the service of a bill of particulars was not obeyed. (*Symonds* v. *Craw*, 5 Cow. 279; *Wetmore* v. *Jennys*, 1 Barb. 53 [1847]; *Purdy* v. *Warden*, 18 Wend. 671.)

The power to enforce obedience to its order in that way was one of the inherent and common-law powers of the court, necessary and proper in the exercise of its jurisdiction, and it has not been taken away or superseded by any provision of the Code. If a party, upon the request of the adverse party, refuses to furnish a copy of " the account " alleged in his pleading, he may be precluded from giving evidence of such " account " upon the trial. If he refuses to obey the order of the court requiring him to furnish a copy of his account, or a bill of particulars of his claim, the court may, as a penalty, stay his proceedings until he complies with its order, or may, in advance, order that his proof be excluded, or it may strike out his complaint. All these are usual and appropriate remedies to accomplish the ends of justice.

It would seem, also, that the action of the court below could be justified under section 822 of the Code, which provides that when the plaintiff unreasonably neglects to proceed in the action against the defendant, the court may, in its discretion, upon the application of the defendant, dismiss the complaint and render judgment accordingly. The service of the bill of particulars was a proceeding in the action which the court required the plaintiffs to take; and till they took such proceeding, the action could not move on. Hence, it may well be held that there was unreasonable neglect to proceed in the action within the meaning of the section cited, and that the complaint was properly dismissed for that reason.

The order should be affirmed, with costs.

All concur.

Order affirmed.