MARTHA WILSON, Respondent, v. CLARENCE W. FOWLER, Appellant.

<table>
<tr><td>44h</td><td>89</td></tr>
<tr><td>68 AD</td><td>487</td></tr>
</table>

*The court may strike out a counter-claim for a failure of the defendant to comply with an order for a bill of particulars.*

Under the present practice the court has power to insert in an order — directing the defendant to serve a further bill of particulars, specifying the nature of the services performed by the defendant for the plaintiff, which are alleged in his answer by way of a counter-claim to the action — a provision directing that if he fails to comply with such direction, so much of the answer as contains the counter-claim shall be stricken out.

*Gross* v. *Clark* (87 N. Y., 272) followed.

Appeal from an order directing the defendant to serve a further bill of particulars or that the first counter-claim set forth in his answer should be dismissed.

*William H. Van Cott*, for the appellant.

*David McClure*, for the respondent.

Daniels, J. :

The order from which the appeal has been taken was preceded by another order made on notice to, and after the hearing of, counsel for the parties, directing the service on the part of the defendant of a bill of particulars, specifying the nature of the work, labor and services performed by the defendant in buying and selling stocks, and attending to the business of the plaintiff, and the dates of such alleged services, and the kind of stocks purchased, as those facts had been alleged by way of counter-claim in the action. Under this order a very general statement was served containing no more than a substantial repetition of the answer itself. It was no such statement as the order required to be made,

and the order from which the appeal has been taken has directed no more to be done by the defendant than to comply with this preceding order by giving the name and kind of stocks alleged to have been purchased by the defendant for the plaintiff. It was fully warranted by the first order which remained in full force at the time when the application was made and heard for the second order.

But assuming this to have been the effect of the first order, and that it was so far conclusive upon the defendant while it remained in force, it has been urged that the court was without authority to direct, as it did by the final order, the defendant's answer containing this counter-claim to be stricken out, if he failed to comply with the direction for the service of a further bill of particulars. The power to make such an order striking out a complaint was considered in *Gross* v. *Clark* (87 N. Y., 272), and it was held by the Court of Appeals that the court making the order under the practice, which has not been abrogated by the Code of Civil Procedure, had the power to direct it to be stricken out, for the failure to serve a bill of particulars, when that should be ordered to be done by the court, and having that power it would seem to be as applicable to the case of so much of an answer as contains a counter-claim, as it was there held to be to the complaint. For such an answer is in its legal effect a complaint setting up a cause of action existing in favor of the defendant against the plaintiff. As the former may be stricken out for the disobedience of an order directing the service of a bill of particulars, it follows that a like disposition may be made of an answer under an order relating to a counter-claim.

The order made should, therefore, be affirmed, together with ten dollars costs as well as the disbursements.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed, with ten dollars costs and disbursements.