THOMPSON *v.* KNICKERBOCKER ICE CO.

*(Common Pleas of New York City and County, Special Term.  June 15, 1888.)*

· PLEADING—BILL OF PARTICULARS—AFFIDAVIT.

    Plaintiff, in an action for legal services rendered in a matter before the United States treasury department, in opposition to a motion to require a bill of particulars, filed an affidavit stating, in general terms, what services he had rendered, and for which he had charged a gross sum, from which it appeared that he had filed three briefs with the commissioner of internal revenue, and presented him a written petition, and made several oral statements to him, had appeared before the ·deputy-commissioner and solicitor several times, made oral arguments, and had ·seen the solicitor general several times, and filed a brief with him.  *Held*, that the · affidavit itself should stand for a bill of particulars.

^ On motion to require bill of particulars.

Philip B. Thompson, a lawyer of Washington, D. C., sued the Knickerbocker Ice Company, claiming $10,000 for services in the settlement of a dispute between the company and the United States government in reference to the company's liability to taxation on certain notes or tickets alleged by the government to have been issued for circulation.  From 1876 to 1887, $1,681,-782.76 of these tickets were issued, on which a 10 per cent. tax was claimed, or $168,178.  The solicitor general finally gave an opinion relieving the company from payment of any portion of these taxes, overruling the commissioner of internal revenue.  The company moved in the court of common pleas for a bill of particulars of plaintiff's claim.  Mr. Thompson made affidavit in opposition, stating, in general terms, what he had done.

VAN HOESEN, J.  It is not, nor should it be, the practice to require a plaintiff, who claims a gross sum for a lump job, to specify in detail the value in money of every single step he takes in the course of his labors.  Nor do I think it proper to require a lawyer who has prepared a brief to state what

time he took in preparing it. The value of the brief depends upon the ability it displays. If the subject be inherently difficult, and if research be proved by the learning collected in the brief, the compensation of the lawyer may well be large, though his familiarity with the class of questions discussed may have enabled him to prepare the argument without the labor that one exploring a new field would have found imperatively necessary. The time spent in the closet by the lawyer is, in my opinion, a matter of no consequence to his client. The time spent in attendance upon a court, or in attendance upon the authorities to whom the argument is to be addressed, may, with propriety, be called for by the client. But it cannot be necessary that the time should be accurately measured in minutes. It appears to me that the statements of the plaintiff's affidavit are as full as can reasonably be expected. It appears that he filed three briefs with the commissioner of internal revenue; that he presented to that official a written petition; that he saw him several times, and made oral statements to him; that he appeared before the deputy-commissioner, and also, on two or three occasions, before the solicitor of the internal revenue, and made oral arguments; that he looked after the transmission of the case to the attorney general; that he saw the solicitor general several times, and filed a printed brief with that officer. I do not think that the defendant has a right to expect the plaintiff to state with exactness the very time occupied in every one of these interviews with these officials. I shall order the plaintiff to file a bill of particulars, but I shall hold that the plaintiff's affidavit shall stand as the bill of particulars.