McLAUGHLIN *v*. KELLY.

*(Supreme Court, Special Term, New York County. January, 1889.)*

1. PLEADING—BILL OF PARTICULARS.
    In an action to recover the reasonable value of services as literary writer and clerk for defendant's testator during a period of five years, the services alleged being grouped together as consisting of the writing of letters of a private, business, and political character, and the preparation of newspaper articles and resolutions, addresses on political subjects, and the preparation of a lecture on "dueling," defendant is entitled to a bill of particulars stating the number of letters, newspaper articles, resolutions, etc., written by him, the dates and details, as near as may be, and the dates and distinct services rendered in the preparation of the lecture.

2. SAME—TIME OF APPLYING FOR.
    The taking of a deposition by consent is not the "beginning of the trial," so as to prevent defendant from thereafter moving for a bill of particulars.

At chambers. Motion for a further bill of particulars.
*Frederick Smyth*, for the motion. *Peter B. Olney*, opposed.

PATTERSON, J. I have examined very carefully all the papers submitted on this motion, and have concluded that the defendant should have a more specific and detailed bill of particulars than that which was furnished in July last. The action is brought to recover the value of services of the plaintiff as a literary writer and clerk of the defendant's testator, and the first item charged is a gross sum of $5,000, being for five years services at $1,000 a year, not by special agreement, apparently, but on a *quantum meruit*. These services are grouped together as consisting of the writing of letters of a private, business, and political character, and the preparation of newspaper ar-

ticles and resolutions, and addresses on political subjects, and the preparation of the material of a lecture on "dueling." All this is so general, with the exception of the last subject referred to, that it is impossible for the defendant to apprehend what she will be called upon to meet at the trial, and I think she is entitled to more specific information as to the nature of this whole item; and whether or not the plaintiff simply sues, as far as this item is concerned, for salary as such, or whether he claims the value of each specific kind of services aggregating the sum named, he should give a statement of the number of letters and newspaper articles, resolutions, and addresses written by him, and the dates and details, as near as may be, and also the dates and distinct services rendered in the preparation of the lecture referred to. But, further than this, nothing should be required as to the first item. As to the second item, it seems to cover services of the general character mentioned for a year, and; apparently, is for salary, without claiming the particular value of each act of service, and all that it is necessary to state in the further bill is the number of letters and newspaper articles written by the plaintiff during that year for the defendant's testator. And, with reference to the third item, a statement should be given in connection with the bill of particulars about the number of letters, newspaper articles, and addresses, and the dates of the preparation of the addresses and newspaper articles, as near as may be; and the same information must be given respecting the other items, where charges are made for services in the preparation of newspaper articles and addresses. But the plaintiff will not be required to furnish copies of these literary productions at this time. The production of this evidence cannot be required on such a motion as this. The defendant is not too late in making this motion. The taking of a deposition by consent cannot be regarded as the beginning of a trial.