MINNEAPOLIS ENVELOPE CO. *vs.* MARY VANSTROM.

Submitted on briefs Nov. 15, 1892.  Decided Dec. 8, 1892.

**Practice if Insufficient Account be Served.**

> If a copy of account, served under the provisions of 1878 G. S. ch. 66, § 105, be insufficient, the party upon whom it is served cannot wait until the trial, and then raise an objection which, if earlier made, might have been obviated.  The proper course is to demand a further and more particular bill.

Appeal by defendant Mary Vanstrom, from an order of the Municipal Court of the City of Minneapolis, *Mahoney,* J., made May 17, 1892, refusing her a new trial.

Action by Minneapolis Envelope Company, a corporation, to recover a balance due for goods, wares and merchandise sold and delivered to defendant on October 7, 1891, of the reasonable and agreed price and value of $103, on which defendant had paid $5.15.  The defendant demanded a copy of the account and of the items thereof pursuant to 1878 G. S. ch. 66, § 105.  Plaintiff in response served the following:

"MINNEAPOLIS, MINN, Oct. 7, 1891.

"Mary Vanstrom

"Bought of Minneapolis Envelope Co.

| | | | | | | |
|---|---|---|---|---|---|---|
| 100 M. 550, 3, O. E. Coin Ptd. 1.03 | - | | - | | - | $103 00 |
| Credit by cash, Dec. 4, | - | - | - | - | - | 5 15 |
| | | | | | | $ 97 85" |

This was verified as a full and correct itemized statement of the account existing between the parties.  It was received by defendant's attorney and retained without objection.  On the trial, April 21, 1892, defendant moved the court that plaintiff be precluded from giving evidence of its claim on the ground that no proper or sufficient account had been served.  The court denied the motion and defendant excepted.  The plaintiff's witnesses testified that the account was for 100,000 No. 3, open end coin envelopes printed, at

$1.03 per 1,000, $103.00. Plaintiff had a verdict for the amount of its claim. Defendant moved for a new trial, and being denied, appeals.

*Geo. S. Grimes,* for appellant.

The paper served for a bill of particulars was wholly sham and unintelligible, and was intended to conceal the nature and particular items of plaintiff's account. It is idle to say that defendant was required to move the court for a further or more particular bill. The pretended bill of particulars was far more obscure and indefinite than the general allegation as to the account in the complaint. *Lonsdale* v. *Oltman,* 50 Minn. 52.

*J. C. Fifield,* for respondent.

The bill of particulars furnished was sufficient. *Vila* v. *Weston,* 33 Conn. 42; *Harris* v. *Christian,* 10 Pa. St. 233.

If the bill of particulars furnished was defective and insufficient, it was incumbent upon defendant to ask for better or further particulars. By waiting until the trial the objection was waived. *Graham* v. *Harmon,* 84 Cal. 181; *Wetmore* v. *Jennys,* 1 Barb. 53; *Providence Tool Co.* v. *Prader,* 32 Cal. 634; *McCarthey* v. *Mooney,* 41 Ill. 300; *Goodrich* v. *James,* 1 Wend. 289; *Purdy* v. *Warden,* 18 Wend. 671; *Barnes* v. *Henshaw,* 21 Wend. 426; *Buckeye Township* v. *Clark,* 90 Mich. 432.

COLLINS, J. This appeal is without merit. The verified copy of plaintiff's account, furnished on defendant's demand, (1878 G. S. ch. 66, § 105,) indicates that the account was kept in the books in somewhat technical language, (a common practice with bookkeepers,) and it is barely possible that it was not sufficiently explicit to apprise defendant of the exact nature of the claim; but, admitting this, she retained the copy without intimating that it was not intelligible, and wholly failed to demand a further or more particular bill, as might have been done under the statute. If the bill does not in fact convey sufficient information as to the claim defendant has to meet, he should call for further and better particulars. If insufficient, he can-

not wait until the trial of the cause, and then raise an objection which, if earlier made, might have been obviated. The proper course is to demand a more specific bill of particulars. *Goodrich* v. *James*, 1 Wend. 289; *Wetmore* v. *Jennys*, 1 Barb. 53; *Providence Tool Co.* v. *Prader*, 32 Cal. 634; *Graham* v. *Harmon*, 84 Cal. 181, (23 Pac. Rep. 1097;) *McCarthey* v. *Mooney*, 41 Ill. 300.

Defendant's counsel asserts that, as no notice to produce the original had been served, it was error for the court to allow a copy of the letter written to his client October 7, 1891, to be introduced in evidence. The original return clearly shows that the copy was received on the theory that a notice to produce had been served, and that the original letter could not be found by defendant, while by a supplemental return made by the clerk of the Municipal Court it has been made to appear that such a notice was duly and personally served upon the counsel himself.

Order affirmed.

(Opinion published 53 N. W. Rep. 763.)