## Dunker, Executrix, v. Schlotfeldt.

1. *Pleas and Proofs.—Variances.*—Under a declaration upon a promissory note alleged to have been executed by the defendant, and one J. H. S. to one H. E., and to have been assigned by H. E. to the plaintiff, a promissory note which does not appear to have been assigned by H. E., as alleged, is not admissible.

2. *Promissory Notes—Assignment—Right to Correct Indorsements.*— Where a payee of a promissory note assigned it to another person, and indorsed upon the back of it that he had received from such person full payment, *it was held,* that if, as a matter of fact, he had sold the note to the person named, and the indorsement appearing as a receipt was intended by him as an assignment, there could be no impropriety in his correcting it. It could be treated as an indorsement in blank, and corrected or filled out upon the trial.

3. *Accounts Sued On—Copies—Objections for Not Filing—When Too Late.*—Where a plaintiff fails to file a statement of the account sued on, the defendant may have the case continued for the term, or he may obtain a rule upon the plaintiff to file such statement. If he does not elect to do so, however, and pleads in bar, he can not raise the objection on the trial.

**Memorandum.**—Assumpsit on promissory note assigned, and common counts. Pleas, general issue, statute of limitation, denial of the assignment of the note. Appeal from the County Court of Rock Island County; the Hon. LUCIAN ADAMS, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, G. W. WOOD, ATTORNEY.

Indorsements and receipts on the back of a note are subject to explanation the same as in other cases. Wing v. Beach, 31 Ill. App. 78.

This is an action between one of the parties to the receipt or indorsement in question, and a third person, and in such a case the rule regarding the introduction of parol evidence to explain, vary or contradict a written instrument does not apply. Needles v. Hanifan, 11 Brad. 303.

The failure to file a statement of account sued on can

only be taken advantage of by a motion for a continuance or by asking a rule for the plaintiff to file such a statement. Stratton, Impl., etc., v. Henderson, 26 Ill. 68. It is too late to make such objection after filing a plea in bar. McCarthy v. Mooney, 41 Ill. 300; Chumasero v. Gilbert, 26 Ill. 39.

Joseph L. Haas and W. H. Gest, attorneys for appellee.

Opinion of the Court, Harker, P. J.

This is an action of assumpsit by Mary Dunker, as executrix of the last will, etc., of Mary Schlotfeldt, deceased, against appellee. There are three counts in the declaration. First. A special count upon a promissory note executed by the defendant and J. H. Schlotfeldt, to one Henry Empke, and alleged to have been assigned by Empke to Mary Schlotfeldt. Second. A common count for money had and received. Third. A common count for money paid out for the defendant's use at his request. A copy of the note sued on was filed, but there was no copy of an account filed.

Four pleas were filed. First. The general issue. Second. Ten years statute of limitation. Third. Five years statute of limitation. Fourth. A plea denying the assignment of the note.

Upon the trial, the plaintiff offered in evidence the following note, with indorsements:

"$400.  			Moline, Ill., May 4, 1876.

One year after date, for value received, I promise to pay to the order of Henry Empke, the sum of four hundred dollars, with interest at ten per cent per annum, at the Moline National Bank.

			James F. Schlotfeldt.
			J. H. Schlotfeldt."

(Indorsement on back of note.)

" Pay interest for 1877. Interest pay for the year 1878 and 1879. Interest pay for 1880 and 1881. Interest for 1882, 1883 and 1884, paid. The interest is pay up to May 4th, 1886. Sept. 14th, 1887. Int. on this note, $24. Paid

to May 4th, 1887. May 3rd, 1888, rec'd on the within note, $24 Int.

Received of Mrs. Mary Schlotfeldt, four hundred and twelve dollars, in full payment of this note.

Moline, Nov. 21, 1888.                              HENRY EMPKE.

May 9th, 1889, one year interest paid, $24. One year's Int. paid, May 19th, 1890, $24. Paid May 19th, 1890, $24."

The court sustained an objection to the note.

The plaintiff then sought to establish her case under the common counts, and offered to produce Henry Empke as a witness for that purpose, but the defendant objected to the introduction of evidence under the common counts and the court sustained the objection.

The note was not admissible under the special count, for the reason that it did not appear to have been assigned by Empke, as alleged. The indorsements appearing on the back of the note were evidently made by an uneducated person. If, as a matter of fact, Empke sold the note to Mary Schlotfeldt, and the indorsement appearing as a receipt was intended by him as an assignment, there could be no impropriety in his correcting it. The indorsement could be treated as an indorsement in blank, and corrected or filled out upon the trial. No offer to do so was made, however, and the court correctly sustained an objection to the note.

We can not understand why the court refused to allow the plaintiff to introduce evidence to establish her case under the common counts. She may have been able to do so independent of the note. If it were for the reason, as suggested by counsel in his brief, that no statement of the account sued on was filed with the declaration, the objection came too late. Where the plaintiff has failed to file a statement of account sued on, the defendant may have the cause continued for the term, or obtain a rule upon the plaintiff to file such statement. If he does not elect to do so, however, and pleads in bar, he can not raise the objection upon the trial. McCarthy v. Mooney, 41 Ill. 300.

For this error of the court the judgment must be reversed and the cause remanded.