(74 App. Div. 474.)

### DEMPSEY v. BERGEN COUNTY TRACTION CO. et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. BILL OF PARTICULARS—RIGHT TO DEMAND.

In an action by an attorney to recover for professional services, where defendants denied the employment and rendition of services, and pleaded limitations, they were entitled to particulars specifying: (1) Whether the agreement was verbal or in writing, and, if in writing, a copy thereof, and, if oral, the terms and names of the persons claimed to have acted as agents of the defendants; (2) an itemized statement of the services rendered; (3) the name or names of the person or persons at whose instance the services were rendered, and a copy of the request for such services if in writing, and, if oral, the terms thereof, together with the time and place of making the same.

Appeal from special term, New York county.

Action by John Aird Dempsey against the Bergen County Traction Company and the Highland Improvement Company and others. From an order denying a motion for a bill of particulars of the plaintiff's claim, the two defendants named appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Herbert Barry, for appellants.

John Aird Dempsey, in pro. per.

LAUGHLIN, J. The plaintiff is an attorney and counselor, and he brings this action against the appellants and the individual defendants to recover $16,666.66 for professional services rendered in the organization and promotion of appellants and in the management of their legal affairs. The appellants deny the employment of the plaintiff, or that he rendered any services for them, and plead the statute of limitations. The particulars desired are, in substance: (1) As to whether the employment was verbal or in writing, and, if in writing, a copy thereof, or, if oral, the terms and the name or names of the person or persons who it is claimed acted as the agent of the corporations; (2) an itemized statement of the services rendered; (3) the name or names of the person or persons at whose instance or request it is claimed the services were rendered, and who it is claimed represented the corporations, and a copy of the request for such services if the same was in writing, and, if oral, the terms thereof, together with the time and place of making the same. The companies were incorporated under the laws of New Jersey. Prior to the motion for a bill of particulars the plaintiff moved for a commission to examine witnesses without the state. He has withdrawn this motion, but contemplates renewing it. The motion for a bill of particulars was denied without prejudice to a renewal thereof, if necessary, after the return of such commission. The nature of the case is such that the appellants are entitled to a bill of particulars, and their right cannot be affected by the issue or return of a commission. The object of a bill of particulars is to inform the opposite party of the nature of the claim with more particularity than is required to be stated in the complaint, and its effect is also to limit the general allegations of the complaint and the proof to be adduced thereunder. We think that the motion should have been granted.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the motion granted in accordance with the demand of the appellants, with $10 costs. All concur.