DEMPSEY v. GAZZAM et al.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. PLEADING—BILL OF PARTICULARS.
    Where an attorney sued several defendants for services, and his complaint merely alleged that all the defendants were indebted to him in a certain sum for services rendered, one defendant, appearing separately and denying the employment and rendition of the services, is entitled to a bill of particulars thereof.

2. SAME—DEPOSITIONS—COMMISSION—RETURN.
    The right of a defendant, appearing separately in an action by an attorney for services, to a bill of particulars, is not affected by the fact that plaintiff has applied for a commission to take testimony, and that part of the information sought by the bill may be elicited by the deposition.

Appeal from special term, New York county.

Action by John Aird Dempsey against the Bergen County Traction Company, Joseph M. Gazzam, and others, to recover attorney's fees for services rendered in the organization and promotion of the corporation defendants, and to recover on a contract of employment by the individual defendants. The complaint alleged generally plaintiff's employment and the amount due. Defendant Joseph M. Gazzam appeared separately, and denied the employment and rendition of services, and moved for a bill of particulars of plaintiff's claim. From an order denying the motion, defendant Gazzam appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Joseph M. Gazzam, Jr., for appellant.

PER CURIAM. The motion of the defendant Gazzam for a bill of particulars of the plaintiff's claim should have been granted, and the order denying that motion must be reversed. In this same action (Dempsey v. Traction Co., 74 App. Div. 474, 77 N. Y. Supp. 456) we held that the defendant corporations were entitled to a bill of particulars, and reversed an order denying the motion made by them for such a bill. The defendant Gazzam is entitled to the information he demanded in his notice of motion. In denying that motion, the court below suggested that it could be passed upon bet-

ter after the return of a commission which the plaintiff had moved for, and that possibly some of the evidence to be elicited would render it unnecessary to state some part of the particulars demanded. The right of the defendant to a bill of particulars is not affected by the return of a commission, as was held in Dempsey v. Traction Co., supra.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion for a bill of particulars granted, as demanded by the moving party, with $10 costs.