THOMAS E. DAVIS v. THOMAS JOHNSON and Another.[1]

November 3, 1905.

Nos. 14,435—(50).

**Bill of Particulars.**

A bill of particulars is demandable in an action to recover for legal professional services; but the same degree of detail in the preparation of the statement is not required as in an action to recover for merchandise sold and delivered.

**Evidence.**

Certain rulings of the trial court in the introduction of evidence considered, and *held* proper.

[1] Reported in 104 N. W. 766.

**Insufficient Bill of Particulars.**

> Where, in response to a demand for a bill of particulars, the plaintiff
> serves an insufficient bill, the defendant should apply to the court for an
> order requiring the plaintiff to serve a more complete and particular
> statement, and until this is done evidence cannot be excluded under the
> complaint as though no bill whatever had been served.

Appeal by plaintiff from an order of the district court for Lyon county, Webber, J., granting a motion for a new trial, after a trial and verdict in favor of plaintiff for $213.25. Reversed and judgment ordered upon the verdict.

*Virgil B. Seward* and *John I. Davis,* for appellant.

*Patterson & Woodard,* for respondents.

ELLIOTT, J.

Action to recover the value of services rendered as an attorney at law. A verdict returned for the plaintiff was set aside by the court, and a new trial granted, on the ground that the court had erroneously overruled the defendant's objection to the introduction of any evidence tending to prove the account alleged in the complaint. From this order the plaintiff appealed.

1. This court has intimated that section 5246, G. S. 1894, relates only to what are commonly known as merchandise accounts (Jones v. Northern Trust Co., 67 Minn. 410, 69 N. W. 1108) ; but the general tendency seems to be to extend its application to actions to recover for professional services, such as those rendered by attorneys and physicians. Lonsdale v. Oltman, 50 Minn. 52, 52 N. W. 131; Thompson v. Knickerbocker (Com. Pl.) 2 N. Y. Supp. 18; McLaughlin v. Kelly (Sup.) 6 N. Y. Supp. 574; Dempsey v. Bergen, 74 App. Div. 474, 77 N. Y. Supp. 456; Plummer v. Weil, 15 Wash. 427, 46 Pac. 648. There appears to be no very substantial reason why an attorney should not furnish a bill of particulars when he seeks to recover for professional services which extend over a period of time, and are of a character which admit of being stated in an itemized and detailed form. But services of this character do not always, or even generally, admit of being itemized like an account for groceries or lumber. The object of a bill of particulars in such a case is accomplished when it gives to the defendant the information which will enable him to prepare his defense. In an action of this character "a bill of particulars de-

scribing the nature and character of the services and the result at which they arrive and the aggregate value of the whole is sufficient. Under this head can be classed the services of attorneys, physicians, and the like." 3 Enc. Pl. & Pr. 546.

In this case a bill of particulars was demanded by the defendant, and the plaintiff, recognizing the obligation to comply with the demand, served the following statement:

June, 1903.

C. S. Pierce & Thos. Johnson.                Dr. $200.00.
    Counsel and legal service in transfer of Filkins Store and in obtaining commission of $1,000.00.

Under the circumstances of this case we think the defendant complied with the requirements of the statute. The statement as rendered informed the defendant fully of the character of the services, the manner in which they were rendered, the transaction out of which the services arose, and the aggregate value of the whole. The defendant was thus clearly informed of the services for which the plaintiff was seeking to recover. The complaint alleged that the services were rendered during the months of June, July, August, September, and October; but the statement as served limited the demand to services rendered in the month of June. In view of the nature of legal professional services and the well-known and generally recognized difficulties in the way of preparing a statement so as to describe fully and fairly the services in detail, we think this statement should have been construed with more liberality, and not tested by that degree of strictness which would have been necessary in a statement of merchandise sold and delivered. Thompson v. Knickerbocker, supra.

2. The order of the trial court granting a new trial proceeds upon the theory that no bill of particulars had been served in response to the defendant's demand. But the record shows that one was served, which, while possibly insufficient, had the action been to recover for merchandise, was sufficient under the circumstances disclosed in this case. It is stated in the respondent's brief that a demand was made for a more specific bill of particulars, but the record fails to show this fact. Accepting the statement, however, as true, the plaintiff was nevertheless not in default for failing to serve a bill of particulars. He had at the most simply served an insufficient bill. The statute requires

that the plaintiff upon demand must furnish to the defendant a bill of particulars "or be precluded from giving evidence thereof." When, in response to a proper demand, an insufficient bill is served, "the court, or a judge thereof, may order a further or more particular bill." In Lonsdale v. Oltman, 50 Minn. 52, 52 N. W. 131, it is said that "the last sentence * * * refers only to a case where a copy of the account has been served, but is not deemed sufficiently definite or particular." If the defendant was not satisfied with the statement rendered, he should have demanded a more particular bill (Minneapolis Envelope Co. v. Vanstrom, 51 Minn. 512, 53 N. W. 768), and, if it was not then furnished, apply to the court, or a judge thereof, for an order requiring a further or more particular bill. Until this was done, he was not in a position to demand that evidence be excluded because of the failure to comply with his demand for a more particular bill. A party cannot ignore an insufficient bill of particulars, or the failure to furnish a satisfactory one on demand, and at the trial have evidence excluded as though no bill had been served. The court, therefore, properly overruled the defendant's motion, as he was not in a position to avail himself of the plaintiff's failure, even had the bill of particulars been inadequate.

3. The complaint also alleged an express promise to pay the sum of $200 for services in connection with this particular transaction. It is evident that the plaintiff expected to rely upon this express contract. After the case was opened the plaintiff called the answering defendant, Pierce, for cross-examination under the statute. The defendant's counsel immediately said:

> At this time the defendant objects to the introduction of any evidence of the account set forth in the plaintiff's complaint on the ground that no bill of particulars as required by law has been furnished as demanded by defendant Pierce.

This objection was not to the introduction of any evidence under the complaint, but to "any evidence of the account set forth in the complaint." Plaintiff's counsel replied:

> It is our intention to rely only upon the express agreement to pay the sum of $200, and nothing else.

The objection was thereupon overruled; the court saying, however:

> But I shall limit you to proving the agreement to pay the entire demand.

The ruling was evidently satisfactory to both sides. It was nominally in favor of the plaintiff; but it permitted him to introduce evidence which he evidently had no desire to offer, and limited him to proving what he expressed a desire to prove. It also seemed to satisfy the defendant's counsel, who soon after stated his understanding as follows:

> I understand the ruling of the court is that the plaintiff will not be permitted to go into the items.

And the court replied:

> Yes, that is what I have already held.

The effect of the limitation was thus to exclude all evidence tending to prove the items of the account and sustain, instead of overrule, the defendant's objection. The trial then proceeded upon the theory that the plaintiff had alleged and was seeking to prove that he had rendered certain services for the defendants, and that the defendants had expressly promised to pay $200 therefor. The defendant's counsel evidently accepted this theory as correct, and requested the court to charge the jury that

> The plaintiff is suing the defendants Pierce and Johnson under an express agreement for services rendered by Mr. Davis to defendants Pierce and Johnson.

The court so charged the jury, and properly directed them that the plaintiff must recover $200 or nothing. No bill of particulars could be demanded in an action of this nature. Stilwell v. Hernandez, 7 Daly, 485.

The items of an account were thus not in dispute. No one denied that Davis had performed legal services at the instance of the defendant Pierce. The controversy was as to whether Pierce had agreed to pay the specific sum of $200 therefor, or whether Davis had agreed to perform the services gratuitously in recognition of the fact that Pierce had been instrumental in bringing certain other clients to Davis' office.

The question actually litigated was the alleged promise to pay the $200, and on that issue the jury found for the plaintiff. The court granted a new trial because it had not excluded the evidence of the account. As we have seen, the record shows that this evidence was excluded by the actual ruling, and all parties acquiesced therein and harmoniously proceeded to try the issue of an express contract. Upon the whole record it is very certain that the defendant consented to try this issue, and he is not in a position to object that an instruction which he requested embodied an erroneous theory or contained bad law. Cummings v. Baars, 36 Minn. 350, 31 N. W. 449. According to the theory upon which the action was tried the result was correct, if the jury believed the plaintiff's testimony. Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908; Engler v. Schneider, 66 Minn. 388, 69 N. W. 139.

The order of the trial court granting a new trial is therefore reversed, and the verdict reinstated in full force and effect.