[Sac. No. 4127. Department One.—December 5, 1928.]

ROY J. KING, Respondent, v. GRASS VALLEY GOLD MINES CO. (a Corporation), Appellant.

E. H. Armstrong and Frank R. Wehe, Jr., for Appellant.

W. E. Wright for Respondent.

PRESTON, J.—Plaintiff, claiming to have performed services for defendant as a mining engineer, mine manager, and superintendent, filed his complaint setting forth three causes of action. By the first and third counts he sought to recover under a contract in writing the sum of $6,000 for

his said services. Said contract was found to be void by reason of a mutual mistake of law and relief on those two counts was denied. The second, or *quantum meruit* count, alleged that plaintiff performed work, labor and services for defendant which were reasonably worth the sum of $2,000. The court found that said services were of the value of $1,500 only and rendered judgment on said count in that sum for plaintiff. Defendant now prosecutes this appeal therefrom, praying for reversal upon the sole ground of failure of proof.

Plaintiff was the only witness produced by either party at the trial. His testimony, uncontroverted by any witness for defendant, supports his claim for reasonable compensation, and the court was justified in finding that he did in fact perform such work, labor and services as would entitle him to recover upon said *quantum meruit* count.

In short, we see no reason here for withholding application of the rule announced in the case of *Bassett* v. *Fairchild*, 132 Cal. 637 [52 L. R. A. 611, 64 Pac. 1082], to the effect that the presumption that certain corporate officers render their services gratuitously in the absence of previous express contract, does not apply to onerous services, which could not reasonably be expected to be performed for nothing, although no compensation therefor is previously fixed; and in such cases there is an implied agreement to pay what the services are reasonably worth.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.