Louis B. Heller, J.
In a separation action, wherein the defendant has heretofore been precluded as to certain items of his counterclaim for failure to serve the particulars demanded, plaintiff moves (by cross motion to defendant’s motion to resettle the final preclusion order) for “ an order striking out and dismissing the first and third counterclaims in the defendant’s answer.”
*1049 In the court’s opinion the plaintiff has failed to show any statutory or decisional authority to substantiate the relief sought.
The State Legislature in adopting the CPLR (eff. Sept. 1, 1963) has specifically provided that “ in the event that a party fails to furnish a bill of particulars * * * the court * * * may preclude bim from giving evidence at the trial of the items of which particulars have not been delivered.” (CPLR 3042, subd. [c]; emphasis supplied.)
Plaintiff’s cited case (Gross v. Clark, 87 N. Y. 272) is of no aid to plaintiff’s application. At that time the statute (Code Civ. Pro., § 531) provided for preclusion only where particulars of an action on an account were involved, but where other actions were concerned it gave the court the power to “ ‘ direct a bill of the particulars of the claim of either party to be delivered to the adverse party ’ ” without mentioning a specific penalty provision. (Supra, p. 274; emphasis supplied.) The court there noted that prior to “ the Code, it was the undisputed law that the court could strike out the declaration, and dismiss the action, if an order requiring the service of a hill of particulars was not obeyed.” (Supra, p. 275; emphasis supplied.) Accordingly, the court came to the conclusion in the Cross case that it was the legislative intent to limit the penalty of preclusion to account actions only and to empower the court in all other cases to apply its common-law powers in compelling delivery of a bill of particulars.
Despite the lack of statutory authority, and the dearth of any cases in point, the court, in the exercise of discretion and plain common sense, will grant plaintiff’s motion to strike insofar as it relates to the first counterclaim alleging adultery, and deny the motion insofar as it relates to the third counterclaim alleging cruel and inhuman treatment.