Randall agt. Kingsland.

## N. Y. COMMON PLEAS.

SAMUEL H. RANDALL agt. H. KINGSLAND, LEONARD & Co.

*Attorney's fees — Reference — Long account.*

Plaintiff moves for a reference of an issue joined upon his claim for
services rendered as attorney and counsel for the defendants. His
claim, as presented by his bill of particulars, is predicated upon almost
daily charges, mainly for consultations with his client and in the services
rendered in this employment, thus dividing and splitting up his claim
into about 100 items, which is alleged to constitute a long account:

*Held,* that such a system of exacting compensation for services as manag-
ing attorney in any particular transaction, unless expressing matter of
agreement between the parties, would necessarily result in a great
unfairness, as entirely a departure from any just estimate of the value
of an entire service in an entire though continuing employment. .

*Held,* also, that it is not a proper case for a reference. The services rend-
ered under such an employment, even if the subject of charges upon
the " *quantum meruit* " for each instance of attention given to it, would,
at most, partake of the character of a bill of goods sold and delivered
under the same order, although consisting of numerous items at specific
prices delivered at [the same or different times. The whole trans-
action would constitute but one item in a long account.

*At Chambers, October,* 1877.

ROBINSON, J. — Plaintiff moves for a reference of an issue
joined upon his claim for services rendered as attorney and
counsel for the defendants in some four or five different trans-
actions. As to the subject of the principal of these demands
in which plaintiff claims to have been thus engaged, which
appears to have been the settlement of an account relating to
the estate of Dr. Kingsland, and which progressed during
the months of May, June, July and August, 1877, the plain-

Randall agt. Kingsland.

tiff's claim, as presented by his bill of particulars, is predicated upon almost daily charges, mainly for consultations with his client and in the services rendered in this employment, and he divides or splits up his claim into about 100 items and mainly for daily consultations, &c.

It is upon such a bill of items or particulars, alleged to constitute a long account, that this motion is founded. It may well be that an attorney, from prudential considerations, out of a just spirit of remembrance of his services and of rendering a precise charge against his client, and having due regard to the time occupied in his service, may make such constant and precise entries in respect to them, but it is difficult to conceive that while engaged in such an entire and continuous employment to enable a client to effect the settlement of an account in which he is interested, how the attorney could, with any justice, split up his charge for his services into items of fair legal individuality for each time that he saw or conversed with his client on the subject, or each occasion when he gave the matter any consideration, or saw and conversed with an opposite counsel or wrote a note to him on the subject. Such a system of exacting compensation for services as managing attorney in any particular transaction, unless expressing matter of agreement between the parties, would necessarily result in great unfairness, as entirely a departure from any just estimate of the value of an entire service in an entire though continuing employment.

Physicians may well make charges for separate visits and an attorney for each separate deed drawn, or consultation or service rendered, as to each separate transaction in which he is engaged for his client; but the character of such charges as are presented by the plaintiff's bill of particulars of counsel fees for consultation with client, day by day, in such an employment, if not entirely unknown to the profession, is so unusual that it cannot but lead to the suspicion that the whole array of charges was designed to effect some ulterior purpose. So far as it was directed to procuring its recognition as furnish-

Randall agt. Kingsland.

ing a basis for a claim that it constituted a long account and to aid in an application for a reference on that ground, it fails to effect any such object.

The services rendered under such an employment — even if the subject of .charges upon the *quantum meruit* for each instance of attention given to it — would, at most, partake of the character of a bill of goods sold and delivered under the same order, although consisting of numerous items at specific prices, delivered at the same or different times. The whole transaction would constitute but one item in a long account. Even if the claims were justly sustainable upon any such system of charges for every incident connected with the controversy in which the attorney's attention to the matter was exacted or given — as plaintiff necessarily is the main witness to establish each item — no such embarrassments as attend a long accounting can, in this case, be supposed necessarily to call for a reference to relieve the court from a protracted trial before a jury; and considering the character of the claims made, irrespective of other considerations, I regard that mode of trial of the merits of the demand as peculiarly appropriate.

Motion for reference denied, with ten dollars costs to defendants to abide the result.