DONOHUE *et al. v.* POMEROY.

*(Supreme Court, General Term, First Department.* June 29, 1892.)

BILL OF PARTICULARS—SUFFICIENCY.

    In an action by an attorney against his client for services rendered in different actions, for advice as to the client's affairs generally, and for disbursements, a bill of particulars having been served which enumerates the items of service with great particularity, and states the gross sum claimed, but which does not give the value of each item, a motion for a further bill of particulars will be denied.

Appeal from special term, New York county.

Action by Charles Donohue and another against William L. Pomeroy. From an order denying his motion for a further bill of particulars, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Boardman & Boardman,* (*E. C. Boardman,* of counsel,) for appellant. *Donohue, Newcombe & Cardozo,* (*B. N. Cardozo,* of counsel,) for respondents.

VAN BRUNT, P. J. The action was brought to recover the value of certain services claimed to have been rendered by the plaintiffs as attorneys for the defendant, and also for certain disbursements. In response to the defendant's demand for a bill of particulars, the plaintiffs served an itemized bill, but none of the items of service has its value affixed to it, and the bill of particulars, after enumerating the items of service, claims a gross sum. It would appear that the services were rendered in different actions, and in advising the defendant as to his affairs generally. Thereupon the defendant made a motion for a further bill of particulars, which was denied, and from the order thereupon entered this appeal is taken. We do not see but what the defendant has received all the information which it is necessary for him to prepare for trial by the bill of particulars already received. All the services for which claim is made in the complaint are set forth with great particularity in the bill furnished. It cannot be claimed that an attorney, under such circumstances, is bound to affix a charge for each particular service, because they may be so blended and related to each other that it is impossible to separate one service from another. The defendant is aware of all the services which were rendered, and the general charge which is made therefor. If he desires to dispute the service, he has all the information necessary for him to do so; and, if he desires to dispute the value of such services, he has ample opportunity to prepare for such an issue. We think, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements.