RANDALL *v.* PACKARD.

(*Common Pleas of New York City and County, General Term.*   November 7, 1892.)

**1. ATTORNEY AND CLIENT—COMPENSATION—EVIDENCE OF VALUE.**
　　Though an attorney cannot avail himself of his client's offers of compensation for professional services, made during the relationship of attorney and client, except to the extent that the compensation is fair and reasonable, the jury may treat such offers as the client's own estimate of the value of such services.

**2. SAME—WEIGHT OF EXPERT TESTIMONY.**
　　Expert testimony on the value of an attorney's services is not conclusive, but the jury may determine their value from such testimony in connection with other evidence and their own knowledge and experience.

3. SAME—INSTRUCTIONS.
  In an action by an attorney for professional services, it is not error that the judge's charge, which was fair and complete in other respects, and correctly stated the elements to be considered in making up the verdict, stated the main element in fixing the value of such services to be their successful issue.

Appeal from trial term.

Action by Samuel H. Randall, an attorney, for professional services, against George W. Packard.  Judgment for plaintiff.  From the judgment and from an order denying a new trial, defendant appeals.  Affirmed.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

*Theodore R. Shear,* (*Wheeler H. Peckham,* of counsel,) for appellant.  *Samuel H. Randall, in pro. per.*

BISCHOFF, J.  Plaintiff, an attorney, sued to recover a balance amounting to $23,000 alleged to be due him for professional services rendered upon defendant's retainer to secure a compromise or rescission of defendant's subscription of $125,000 towards the capital stock of the Perry Stove Company, which services plaintiff asserted were reasonably worth $25,000.  The jury awarded him $10,000, and from an order denying defendant's motion to set the verdict aside as excessive, and against the evidence and the weight of the evidence, defendant appeals.  Upon the trial it was not disputed that the services for which plaintiff sought to recover in this action were actually rendered by him upon defendant's retainer, and the only issue litigated was that touching the value of the services; and, assuming that the estimate of value given by plaintiff and the expert witnesses summoned on his behalf was unduly enhanced by the hypothesis of the belief of an impending loss of the entire sum subscribed by defendant towards the capital stock of the Perry Stove Company, there still remained the fact, testified to by the plaintiff, that, both before and after the institution of suit to secure rescission of defendant's subscription, defendant, without solicitation or importunity by plaintiff, repeatedly declared his readiness to allow plaintiff $25,000 for his services, in the event that his efforts to secure such rescission and the return of the property and money already applied and paid should prove successful.  The fact that at the time of defendant's promises the relation of attorney and client had already been established between the parties precluded plaintiff from availing himself thereof, except to the extent that the compensation promised was fair and reasonable, (Weeks, Attys. at Law, [2d Ed.] p. 735, § 364,) but the fact of the amount promised was, notwithstanding this rule, properly taken into consideration in determining the value of plaintiff's services, as tending to show defendant's own estimate thereof, (*Fells* v. *Vestrale,* *41 N. Y. 152; *Ludlow* v. *Dole,* 62 N. Y. 617.)  True, defendant denied that he ever made such promises, and plaintiff's testimony was that of a party in interest, which the jury were at liberty to reject, although it was not otherwise impeached.  But defendant's credibility was open to the same attack, and we are not prepared to say that he has enhanced its degree above that which should be attributed to plaintiff's statements, by the confession, in his efforts to impugn plaintiff's professional rectitude, that the accusations of alleged fraud against the promoters of the Perry Stove Company, made in his verified complaint in the action brought to secure the rescission of his subscription towards its capital stock, were never entertained by him as worthy of credit, while he did not scruple to avail himself of their effect and the success thereby secured.  The jury were not bound to accept the opinions of the experts summoned on either side as conclusive on the question of the value of plaintiff's services, and it was within the province of the jury to consider the testimony of the experts in connection with other evidence (Weeks, Attys. at Law, [2d Ed.] p. 697, § 343) and their own experience, (*Head* v. *Hargrave,* 105 U. S. 45.)  In view of the fact, therefore, that defendant himself considered the services worth $25,000, as for the purposes of this appeal we must assume the jury

found, we cannot say that a verdict of $10,000, over and above the $2,000 admitted by plaintiff to have been paid him, is excessive, or without evidence or against the evidence or the weight of the evidence, although defendant's experts fixed the value of the services at from $2,500 to $3,000, and we regard the estimate of $20,000 to $30,000, testified to by plaintiff, and the experts summoned on his behalf, us unduly enhanced by the element of a belief that the sum subscribed by defendant towards the capital stock mentioned was irretrievably jeopardized. It has in several instances at least been held, seemingly from prudential motives only, lest a contrary course might occasion imputations of the possibility of even unconscious partiality to the prejudice of the party resisting an attorney's demand for professional services as exorbitant, that their value should be determined by a jury, (*Martin* v. *Hotel Co.*, 10 Hun, 304; *Felt* v. *Tiffany*, 11 Hun, 62; *Randall* v. *Kingsland*, 53 How. Pr. 512;) and as the fact of value is to be determined mainly from opinion evidence and the jury's own knowledge and experience, we should hesitate to interfere with the verdict.

So eminently acceptable to the defendant were the rulings and the charge of the learned trial judge that a single exception only—one to the charge—is urged for reversal. After commenting upon other elements to be considered by the jury in arriving at a conclusion concerning the value of plaintiff's services, the judge said: "But the main element, after all, in determining the value of a lawyer's services is the result of his labor;" and this, it is contended, was erroneous, because the jury were thereby led to infer that the value of plaintiff's services was to be determined more from the benefits derived by the defendant than from the professional standing and the ability of the attorney, the time employed, and the quality of the services performed by him. The trial judge had, however, previously instructed the jury that these elements must be severally considered by them, and it is apparent from the language which immediately follows the part of the charge excepted to that reference thereby was made, not to the measure, but to the fact of the successful termination of the business committed to the attorney's care, and that it was the usual practice of attorneys in fixing the charge for services to take the fact of success into consideration, and in such an event to charge above the sum which they would have charged if their labors had proved unsuccessful. This was according to the evidence of the expert witnesses summoned, and we perceive therein no error. Taken as a whole, the charge of the learned trial judge fairly and under proper and sufficient instructions submitted the question of the value of plaintiff's services to the jury, and abstract consideration of fragmentary parts of the charge cannot, under such circumstances, be permitted to prevail, as presenting error requiring reversal. *Hickenbottom* v. *Railroad Co.*, 122 N. Y. 91, 25 N. E. Rep. 279. The judgment and order appealed from should be affirmed, with costs. All concur.