[No. 6959.   Decided February 28, 1908.]

H. D. MOORE *Appellant*, v. EDWARD SCHARNIKOW, TRUSTEE, *Respondent*.[1]

APPEAL—DISMISSAL—QUESTIONS REVIEWED. An appeal from a judgment dismissing an action for failure to file a bill of particulars will not be dismissed for the reason that no abuse of discretion appears; since that is a question to be determined on the merits of the appeal and not on motion to dismiss.

BILL OF PARTICULARS—SERVICES OF ATTORNEY—SUFFICIENCY. In an action by an attorney for services, it is error to require the plaintiff to file a bill of particulars placing a valuation on each item of the service, where the employment was all in one continuous matter and it appeared that the services were so blended together and related to each other that it was impossible to separate one service from another; since bills for the services of an attorney stand upon a different footing from other claims.

[1]Reported in 94 Pac. 117.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered May 15, 1907, upon failure of the plaintiff to furnish a sufficient bill of particulars, dismissing an action by an attorney to recover for legal services rendered. Reversed.

*Moore & Park*, for appellant.

*Wilson R. Gay*, for respondent.

FULLERTON, J.—The appellant, who is an attorney at law, brought this action to recover from the respondent the sum of $12,000, alleged to be due for legal services performed by him for and on behalf of the respondent. In his complaint he did not set forth in detail the services rendered for which he demanded judgment, but set them forth in general terms, claiming the amount due as a balance after certain payments had been deducted. The respondent filed a demand for a bill of particulars, to which a motion to strike was interposed. This motion was granted in part and denied in part, whereupon the appellant filed a bill of particulars as follows:

"That on or about the 7th day of January, 1905, the plaintiff was retained as an attorney and counselor at law, by F. C. Webster acting as trustee of the estate of Christopher P. Higgins, deceased, and counselled and advised said F. C. Webster in and about certain claims of title affecting certain lands, to wit: The southeast quarter of section 35, in township 26 north of range 3, E. W. M., the property of said estate, and continued to counsel and advise said Webster, for the use and benefit of said estate up to the date of the appointment and qualification of the defendant Edward Scharnikow as trustee of said estate; and counselled and advised said F. C. Webster and said Edward Scharnikow in and about the legal matters and procedure followed in making a proper and valid appointment of said defendant as trustee of said estate, and in counselling and advising said defendant in regard to the claims aforesaid.

"That on to wit: The 29th day of April, 1903, plaintiff at the special instance and request of defendant, brought a certain suit on behalf of defendant in the United States cir-

cuit court for the western district of Washington, ninth circuit, for the recovery of the possession and quieting of title to said property, said suit being entitled Edward Scharnikow, as Trustee of the Estate of Christopher P. Higgins, deceased, vs. Julius Jasperson et al., that plaintiff, as the attorney of record of said Edward Scharnikow, as aforesaid, drew all of the pleadings, interrogatories and all other papers on behalf of the defendant herein, searched for testimony and for witnesses on his behalf, and made divers trips and journeys to the city of Ballard; made one journey to Grass valley in the state of California and to Nevada City, for the purpose of securing evidence to be used on behalf of this defendant in said cause, and to Olympia, for the same purpose; that plaintiff prepared the brief of the facts and the brief of the law in said cause, and attended upon the trial of said cause, and did and performed all that it was necessary to be done as attorney for said defendant in and about said cause; that he conducted the same successfully and recovered a judgment in favor of this defendant for the possession of said property and the quieting of the title thereto and against the parties claiming adversely to this defendant, and recovered a judgment for the sum of one thousand dollars damages and the costs of said suit; that plaintiff took out a writ of restitution and a writ of execution and caused the same to be served.

"That the defendants in said action moved for a new trial and this plaintiff appeared for the defendant herein and argued the same in his behalf, said motion being by the court denied.

"That afterwards, the defendants in said action sued out a writ of error in said cause, to the United States circuit court of appeals, this defendant being the defendant in error therein; that plaintiff at the request and instance of said defendant, appeared as attorney of record for said defendant in error, and performed all services in settling the bill of exceptions, preparing the brief for defendant in error, attending at the trial and argument of said cause, and making the argument on behalf of the defendant herein before said United States circuit court of appeals, and doing all and singular everything necessary and proper to be done and performed by an attorney of record, for said defendant in error in said cause; that said writ of error, having been fully considered by said court, a judgment was entered therein in favor of said

defendant in error, affirming the judgment rendered by the circuit court.

"That plaintiff at the special instance and request of said defendant, appeared on behalf of the defendants in a certain cause in the superior court for King county, state of Washington, entitled Julius Jasperson et al., vs. J. E. Graham and S. B. Graham, defendants, and prepared and served an answer therein, which said cause involved the question of the title to said property, by reason of the fact that it was brought by said plaintiffs therein to recover the value of certain piling, sold by the defendant herein to the defendants in said last mentioned cause, and cut and removed by them from the property herein described.

"That plaintiff during all the times herein mentioned counselled and advised the said defendant herein, in regard to the management and disposition of said property and other property belonging to said defendant as such trustees, situated in said county of King; that all of the services done and performed by this plaintiff, were done and performed between the said 7th day of January, 1905, and the date of the commencement of this action; and that said services were reasonably worth the sum of fifteen thousand dollars; that plaintiff has received in part payment thereof, the total sum of three thousand dollars. That all his expenditures in said matters have been fully paid and discharged, and all accounts settled, except as to the amount due plaintiff for his attorney's fees for the services hereinbefore set forth."

On the filing of the statement the respondent moved that the appellant be required to further particularize his account in the following manner: (1) That he state distinctly the amount of his charges against the respondent for his services as counsel while Webster was trustee of the estate. (2) That he state the amount of his charges for counsel and advice in procuring a legal appointment of the respondent as trustee. (3) That he show what his charges per diem were each day he was away from his office on the necessary business of attending to the legal affairs incident to the suit. (4) That he state the amount of his charge for the preparation and trial of the case in the Circuit Court of the United States, includ-

ing the suing out of the writ of restitution and filing a prae-cipe of execution.   (5) That he state the amount of his charge for the preparation and argument of the motion for a new trial in the district court.   (6) That he state the amount of his charge for the preparation of the defendant in error's cause on an appeal to the United States Circuit Court of Appeals; also for the preparation of defendant's brief and the oral argument of said cause on appeal.   (7) That he state the amount of his charge for his appearance in behalf of the defendant and preparing the answer in that certain cause entitled Julius Jasperson et al. v. Graham et al., defendants.

The appellant appeared and opposed this demand on the ground that his first bill of particulars was sufficiently definite. The court, however, granted the motion.   In compliance there-with the appellant filed the following:

"(1)   That he is the plaintiff in the above entitled action; that the defendant, Edward Scharnikow, Esq., is an attorney at law and is as well advised, through personal knowledge and correspondence of all of the particulars of plaintiff's demands and services mentioned in plaintiff's 2nd amended complaint, bill of particulars on file herein, and the matters hereinafter set forth, as is this deponent.

"(2)   That the services rendered by plaintiff were so blended and related to each other than it is impossible to sep-arate one service from another and fix a separate charge there-for.

"(3)   That it was understood and agreed between plain-tiff and defendant, that the fees of plaintiff should be partially contingent upon the result of the principal action mentioned in said bill of particulars, in this to wit:   That if plaintiff finally recovered the property involved, that he was to receive a larger fee than if unsuccessful therein; that plaintiff was therefore unable to fix a charge for each item of service ren-dered, or of the separate matters demanded by defendant, but claimed a gross sum for the whole thereof, basing the same upon the character and amount of the services rendered and the amount of the responsibility involved in the action for the recovery of the property; that said property was of the rea-

sonable worth and value of one hundred and fifty thousand dollars at the date of the final termination of said litigation; that any statement of the value of any of his services in the successive steps in said litigation, would be merely an expression of plaintiff's opinion thereon.

"(4) Particularly answering paragraph number 1 of defendant's motion, deponent says that he makes no charges against said defendant or against the estate of Christopher P. Higgins, for his services as counsel to F. C. Webster, up to the date said Webster resigned as trustee of said estate, to wit: On the 21st day of January, 1905.

"(5) Answering paragraph 2, of defendant's motion, plaintiff deposes and says, that on the 7th day of January, 1905, plaintiff was retained by said F. C. Webster, acting as trustee of said estate to bring a suit for the recovery of the lands·described in said bill of particulars; that on the 21st day of January, 1905, said Webster resigned as such trustee and on the same date the defendant was appointed by the fourth judicial district court of the state of Montana, in the probate department thereof, as such trustee and immediately confirmed the action of said Webster in retaining plaintiff and continued the same and instructed plaintiff to bring such suit; that plaintiff was not satisfied with the validity of the ·appointment of said defendant made as aforesaid, as such trustee, and counselled and advised with said defendant and said Webster in and about the legal matters and procedure to be followed in making a proper and valid appointment of said defendant as trustee of said estate; that said defendant and the court appointing said defendant, ·followed the advice and counsel of plaintiff, so given, and made a proper and valid appointment of said defendant on the 25th day of April, 1905, and on or about said date defendant was and became duly qualified as such trustee, and received a conveyance of the legal title in fee, in trust, of said described property, but said defendant assumed to act in all matters as such trustee, from and after the date of the resignation of said Webster, to wit: January 21st, 1905; although on account of the doubt as to the legality of his first appointment, the advice and counsel heretofore mentioned was given to said defendant and said Webster conjointly; that no separate charge was made against said defendant, but the same was regarded by this plaintiff as, and the same was, a necessary preliminary to the

bringing of said action, in order to qualify said defendant, to act as plaintiff therein; that said counsel and advice was so blended with the counsel and advice relating to the commencement of said action, that plaintiff is unable to fix a separate charge therefor.

"(6) That in regard to the demand made in paragraph 3, of defendant's motion, deponent says, that he did not make any per diem charge for each day he was away from his office on the necessary business of attending to the legal affairs incident to said suit, but that such services were considered by him as being a part of his duties as attorney for the said defendant herein, in said suit, and was taken into consideration by him in fixing his fees for the entire matter; that he kept no account of the time he actually spent in the matter, or of the days he was absent from his office, as he did not deem it proper or customary to charge for such services rendered in the course of a suit on a per diem basis; that plaintiff has never received any compensation for said services save and except the sum mentioned in his complaint as having been paid on account of his fees *in toto*, as set forth in his complaint herein.

"(7) Answering the demand contained in paragraph 4 of said motion plaintiff says, that he has not made a separate charge for the services therein mentioned, but has included the same in his general charge for the whole case; that no separate fee was agreed upon, and that he is able only to give his personal opinion as to the value thereof, and that he does not wish to disclose his evidence in this action by stating his opinion at this time.

"(8) Referring to the demands contained in paragraphs 5, 6, and 7, of said motion, plaintiff says that he has not made separate charges for the various services therein mentioned, but has included the same in his general charge for the entire litigation; that no separate fees were agreed upon; that the services therein mentioned were so blended together and related to each other that it is impossible to separate one service from another and state the reasonable value of each item; that plaintiff does not wish to disclose his evidence at this time by stating his opinion as to the value of each separate item therein mentioned, and has not as yet formed such opinion except as the gross value of all of the services in the aggre-

gate, which services he believes to be reasonably worth the sum of $15,000, for the entire matter."

With the bill of particulars the appellant also filed a motion asking to have the second order modified so as to make the bill as returned a compliance therewith. This motion the court denied. The respondent thereupon moved for default and judgment against the appellant for failing to comply with the order of the court. This motion the court granted, entering a judgment of dismissal with costs. This appeal is from the judgment so entered.

The respondent moves the court to dismiss the appeal on the ground that the question whether or not the court would require a bill of particulars was one wholly within its discretion, and is not subject to review except when the discretion has been abused, and that here no abuse of such discretion in making the order "is alleged, argued or shown." But we think the motion not well taken. Whether or not the orders complained of amount to an abuse of discretion in the trial court is the question to be determined on a review of the merits of the appeal; not one that can be determined on a motion to dismiss.

Passing to the merits, we think the court erred in requiring the appellant to place a valuation on each item of the service he claims to have performed for the respondent. In a mercantile account, or in any account which is made up of several and distinct items, it is proper for the court to require that the value of each article be separately stated. So also a physician, since he bases the value of his services on the number of visits made the patient or the number of prescriptions given him, may be required to set out in his bill of items the charge made for each visit, or each prescription. But the services of an attorney cannot justly be measured in any such manner. Where the retainer is general, and he advises his client or performs services in a number of distinct matters, he may properly be required to set out his charge for each separate matter, but when the services all relate to one subject it forms

no just measure of the value of the services to separate the transaction into parts and have the attorney state what charge he made for each several part. The only correct method is to view the services as a whole, since by no other method can one of its most important elements; namely, the result of the service to the client, be taken into account in estimating the value of the service.

From the earliest times the courts have made this distinction between a bill of particulars for an attorney's service and bills of particulars of accounts generally. Thus in the early case of *Randall v. Kingsland*, 53 How. Pr. 512, the court used this language:

"It may well be that an attorney, from prudential considerations, out of a just spirit of remembrance of his services and of rendering a precise charge against his client, and having due regard to the time occupied in his service, may make such constant and precise entries in respect to them, but it is difficult to conceive that while engaged in such an entire and continuous employment to enable a client to effect the settlement of an account in which he is interested, how the attorney could, with any justice, split up his charge for his services into items of fair legal individuality for each time that he saw or conversed with his client on the subject, or each occasion when he gave the matter any consideration, or saw and conversed with an opposite counsel or wrote a note to him on the subject. Such a system of exacting compensation for services as managing attorney in any particular transaction, unless expressing matter of agreement between the parties, would necessarily result in great unfairness, as entirely a departure from any just estimate of the value of an entire service in an entire though continuing employment."

In *Pierce v. Wilson*, 48 Ind. 398, a bill of particulars in the following form was held sufficient:

"George Pierce and John W. Jamison.
"To William C. Wilson, Dr.
"To legal services rendered in the October term of the Tippecanoe Circuit Court, in the case of themselves v. John Doffin and others, to set aside a fraudulent mortgage, two hundred dollars ($200)."

In *Davis v. Johnson*, 96 Minn. 130, 104 N. W. 766, the furnishing of a similar statement was held a sufficient compliance with an order requiring a bill of particulars, the court saying:

"Under the circumstances of this case we think the defendant complied with the requirement of the statute. The statement as rendered informed the defendant fully of the character of the services, the manner in which they were rendered, the transaction out of which the services arose, and the aggregate value of the whole. The defendant was thus clearly informed of the services for which the plaintiff was seeking to recover. The complaint alleged that the services were rendered during the months of June, July, August, September, and October; but the statement as served limited the demand to services rendered in the month of June. In view of the nature of legal professional services and the well-known and generally recognized difficulties in the way of preparing a statement so as to fully and fairly describe the services in detail, we think this statement should have been construed with more liberality, and not tested by that degree of strictness which would have been necessary in a statement of merchandise sold and delivered."

In *Donohue v. Pomeroy*, 19 N. Y. Supp. 569, it was held that a statement enumerating the services and making a lump charge for the whole was a sufficient compliance with a similar demand. Passing on the question the court said:

"We do not see but what the defendant has received all the information which it is necessary for him to prepare for trial by the bill of particulars already received. All the services for which claim is made in the complaint are set forth with great particularity in the bill furnished. It cannot be claimed that an attorney, under such circumstances, is bound to affix a charge for each particular service, because they may be so blended and related to each other that it is impossible to separate one service from another. The defendant is aware of all the services which were rendered, and the general charge which is made therefor. If he desires to dispute the service, he has all the information necessary for him to do so; and, if he desires to dispute the value of such services, he has ample opportunity to prepare for such an issue."

The case of *Plummer v. Weil*, 15 Wash. 427, 46 Pac. 648, is not an authority for the position taken by the court below. In that case the appellant sought to recover for services that not only extended over a long period of time but which related to many distinct matters. The court, by its order, required the attorney to set out the several matters in which he claimed to have performed services, and the charges made for each separate matter, but there was no requirement that he split up into parts the services performed in any one distinct matter, and make a charge for each several part. We think, therefore, that the court erred in holding insufficient the bill of particulars furnished by the appellant.

The judgment will be reversed, and the cause remanded with instructions to reinstate the case and require the respondent to answer to the merits.

HADLEY, C. J., CROW, and DUNBAR, JJ., concur.

ROOT and MOUNT, JJ., took no part.