No. 32,933

W. B. CRAWFORD, *Appellant,* v. ANNA L. FIRMAN et al., *Appellees.*

(59 P. 2d 27)

Opinion filed July 3, 1936.

*J. W. Davis,* of Meade, and *Manvel H. Davis,* of Kansas City, Mo., for the appellant.

*C. T. Parker, J. S. Brollier,* both of Hugoton, *G. L. Light, Auburn G. Light,* both of Liberal, and *George Siefkin,* of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, C. J.: The action was one by an agent against his principals for compensation for services and for expenditures made in

conduct of the agency. Adult defendants answered and filed a cross petition. A motion to require defendants to separately state and number the causes of action contained in the cross petition was denied. A demurrer to the cross petition on two grounds was over-ruled. Plaintiff appeals.

One ground of demurrer was, the cross petition did not state facts sufficient to constitute a cause of action. The cross petition violated the rules of good pleading, and was unfair to plaintiff and to the court. After a lot of surplusage, the agency was admitted. Then the general drift of the pleading was, the agent was unfaithful in many and diverse transactions. No transaction was described, except in generalities which did not even glitter. No clue was given which would enable plaintiff to reply, or to prepare for trial. There may be discovered, however, from the cross petition, a basis for an accounting, and for the recovery of real estate wrongfully withheld. Therefore, the court cannot say the cross petition did not state any cause of action at all.

Another ground of demurrer was, that several causes of action were improperly joined.

The basis of the petition was that the plaintiff became agent of defendants to manage an estate, comprising various tracts of land, requiring various kinds of attention. The cross petition challenged plaintiff's management of this estate in this, that and the other particular. At some time not disclosed, the agent, alone or in conspiracy with somebody not disclosed, converted, or misappropriated in some undescribed way, revenue accruing to the estate in some undescribed way, in some amount not indicated. At some time, not stated, tracts of land, not described, were lost by failure to pay taxes out of money in the hands of the agent. At some time, not stated, tracts of land, not described, were lost by failure of plaintiff, through conspiracy, deceit or otherwise, to redeem from foreclosure sales with funds in the hands of the agent. Plaintiff keeps possession of certain undescribed tracts of land, after demand for possession. Plaintiff refuses to account. These are all breaches of duty in conduct of the agency, are all connected with the same subject of action, affect all the parties, and although requiring different forms of relief, should all be determined in one action.

The ruling on the motion to require defendants to separately state and number the various causes of action contained in the cross peti-

tion was within the court's discretion, was not a final order, and in other respects was not an appealable order. Therefore, the court may not now review it. In the case of *Miller v. Miller*, 107 Kan. 505, 192 Pac. 747, it was said:

"While it rests largely in the discretion of the court or judge to require several causes or defenses to be separately stated and numbered (Civ. Code, § 122), it must be held an abuse of discretion to deny such a motion where the pleading blends together and confuses so many separate and distinct causes of action as the petition in this case clearly does." (p. 508.)

Whether the order was an appealable order was not discussed. While the court's statement was, in strictness, dictum, it was excellent dictum. In this instance, it is possible many transactions complained of would go out of the case because of the statute of limitations, if they were sufficiently identified to enable plaintiff to plead to them.

A guardian *ad litem* was appointed for some infant defendants. The court directed the guardian *ad litem* to file a demurrer to the petition, and a demurrer was filed on the ground the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained. Under the statute of this state, R. S. 38-102, and under the law generally (Restatement, Agency, § 20, Comment [c]; 31 C. J. 1003, note 82 [b]) an infant may appoint an agent, subject to certain limitations, and the defense of the infants should have been made by answer.

The judgment of the district court is affirmed so far as it relates to the rulings affecting adult defendants, and is reversed so far as it relates to the ruling affecting infant defendants.