No. 33,414

L. A. HASTY, *Appellee*, v. B. R. BAYS, *Appellant*, JOHN F. BURTON and J. R. FARNEY, *Defendants*.

(66 P. 2d 265)

Opinion filed March 19, 1937.

*Harold H. Malone,* of Wichita, and *O. C. Wood,* of Lincoln, Neb., for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith, C. H. Morris* and *John F. Eberhardt,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal was by B. R. Bays, one of three defendants, in an action to recover an attorney fee from all three defendants for professional services alleged to have been rendered all of them, associated together as partners in a joint adventure having for its general and major purpose the acquisition of sufficient stock of the Harburney Oil Company to enable them as stockholders therein to control the reorganization thereof under the bankruptcy law, the company having gone into voluntary bankruptcy, and to control the affairs of the company after reorganization. A further part of the joint adventure was alleged to have been the filing, prosecution and establishment of the separate claims of defendants Farney and Burton as creditors of the corporation, and the defense and defeat of offsets or counterclaims against such claims; the litigation and disposal of claims filed against the company in the bankruptcy proceedings, and the protection of the rights and claims of the defendants severally and jointly as stockholders and stock purchasers in and pertaining to oil and gas leases and drilling equipment, principally in the counties of Harvey, McPherson and Rice.

The appeal was from an order of the trial court overruling a demurrer of the defendant Bays to the petition because it failed to state facts sufficient to constitute a cause of action and also because of misjoinder of causes of action. Prior to the filing of the de-

murrer this defendant, with one of the other defendants, had filed a motion to make the petition definite and certain, and after it was partly sustained and partly overruled, and amendments were made accordingly, the defendant Bays filed another motion to require plaintiff to separately state and number his causes of action. This motion was overruled the same day the demurrer was overruled. Counsel for appellant Bays frankly admits that the rulings on such motions are not generally considered appealable orders, but urges that this court should consider the prejudicial effect upon the substantial rights of the appellant in connection with the demurrer to the sufficiency of the petition. The holding in the case of *Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469, which is as follows, is urged in support of this suggestion:

"Motions to strike, to make definite and certain, and to separately state and number, rest in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie. Unless it appears the ruling prejudiced or will prejudice the substantial rights of a party it will not be reversed. Unless it appears the ruling affects a substantial right and in effect determines the action it is not appealable." (Syl. ¶ 1.)

Section 60-741 of the General Statutes of 1935 specifically puts the ruling on a motion to separately state and number causes of action or defense in the discretion of the court or judge, and provides that the court or judge may require the pleading to be made definite and certain when the allegations thereof are so indefinite and uncertain that the nature of the charge or defense is not apparent. It was held in *Allison v. Borer,* 131 Kan. 699, 293 Pac. 769, that—

"The sustaining or denying of a motion to require the plaintiff to make his petition more definite and certain is ordinarily in the sound discretion of the trial court, and such requirement is only authorized by statute (R. S. 60-741) when the allegations are so indefinite and uncertain that the nature of the charge is not apparent." (Syl. ¶ 1.) (See, also, *Sluss v. Brown-Crummer Inv. Co.,* 137 Kan. 847, 22 P. 2d 965.)

Were the allegations here so indefinite and uncertain as not to disclose the nature of the charge? Unless they were, the rulings on these motions were entirely within the discretion of the trial court, and not subject to review.

Paragraph ten of the amended petition set forth in detail the work of the plaintiff along legal and business lines, in advising and counseling defendants, coöperating with attorneys for the trustee in all matters and affairs of the corporation, both in and out of court,

clearing and establishing titles to leases and looking after legal, financial and business affairs of the company in the interest of the defendants. We think the nature of the allegations of the amended petition was apparent and not indefinite or uncertain.

Appellant cites *Moore v. Scharnikow,* 48 Wash. 564, 94 Pac. 117, and *Cullinan v. McColgan,* 87 Cal. App. 684, 263 Pac. 353, both of which cases hold that where an attorney sues to recover for his advice and professional services in a number of separate and distinct matters, although under a general retainer, the charges for each such distinct item should be set out separately. But the Washington case adds that such is not necessary when the services all relate to one subject, stating that from the earliest times the courts have made a distinction in bills of particulars for an attorney's services and those of accounts generally, holding that—

"In an action by an attorney for services, it is error to require the plaintiff to file a bill of particulars placing a valuation on each item of the service, where the employment was all in one continuous matter and it appeared that the services were so blended together and related to each other that it was impossible to separate one service from another; since bills for the services of an attorney stand upon a different footing from other claims." (Syl. ¶ 2.)

Practically the same distinction is made in the California case between cases where the services all relate to one subject matter, and where they are performed in a number of distinct matters. (See, also, along the same line, *Donohue et al. v. Pomeroy,* 19 N. Y. Supp. 569, and *Davis v. Johnson,* 96 Minn. 130, 104 N. W. 766.)

The services enumerated in paragraph ten were not separate and distinct items, but all relate to the general service for the benefit of the alleged joint adventure. Paragraph nine states that plaintiff devoted his entire time from October 11, 1935, the date of his employment, until March 24, 1936, to the work and business of these defendants in this joint enterprise. These matters are urged by appellant under his motion to make definite and certain and also under his demurrer to the petition.

The theory of the appellant is and has been that the suit at bar is on an account, and that under G. S. 1935, 60-739, each item thereof must be set out separately in the petition or attached thereto as an exhibit. The allegation in the petition that the employment of the plaintiff was for one purpose only and engaged the entire time of the plaintiff compels a different conclusion as to the amended petition. It is not for the recovery on separate and distinct items of

service, but for the entire service rendered defendants on the alleged joint adventure upon the employment contract, and as no amount was named in the contract it is upon a *quantum meruit* basis.

We think the amended petition states facts sufficient to constitute a cause of action for the professional services rendered by the plaintiff during the period of more than five months on the one major or general purpose of the enterprise.

As to the question of misjoinder of causes of action, aside from the matter of the numerous details as to things done and looked after by the plaintiff, to which reference has been made above, appellant urges the different interests and relations of the three different defendants as making a misjoinder of causes of action. Two of the defendants had separate claims against the failing corporation, and the plaintiff alleges he pressed these claims as hard as possible in the interest of those two defendants. The success and enlargement of such claims naturally lessened the proportionate interest of the other defendant in his stock in the company, which was his only interest therein. The amended petition, however, alleged that the three defendants, all being stockholders in the company, associated themselves together as partners in the joint adventure of acquiring and obtaining control of the business of the bankrupt company for the protection and realization of their rights as creditors and stockholders and prospective owners and holders of the majority of the stock and the management of the company. This was a common purpose, although the interest of one of them in the joint enterprise might at all times exceed that of the others.

Paragraph eight of the amended petition stated that plaintiff was, on October 11, 1935, employed by defendants Farney and Burton for the benefit of all three defendants, and on November 5, 1935, defendant Bays ratified the employment of plaintiff as attorney and counselor to take charge of the legal work and management of the program and their affairs severally and jointly pertaining to this joint adventure, and that no agreement was made at those times or since as to the amount or the time or manner of payment of attorney's fees or expense for his services. The amended petition also contained a detailed statement of all the payments made to plaintiff, amounting to $2,215, the date of payments and by whom paid; also, another list of expenses incurred, amounting to $904.34, the date incurred, and for what purpose.

The case of *Hurd v. Simpson*, 47 Kan. 372, 27 Pac. 961, is cited

as bearing on the subject of misjoinder of causes of action. The facts are so different it is difficult to apply the rules therein stated to the case at bar. More nearly, but not exactly, do the decisions apply in the cases of *State, ex rel., v. National Bank of Topeka*, 142 Kan. 792, 52 P. 2d 1199, and *Crawford v. Firman*, 144 Kan. 270, 59 P. 2d 270.

The contract, as alleged, was an express contract which was not necessary to be in writing when made or ratified as alleged by all three parties.

It is not at all necessary that partners contribute the same in kind or amount or share equally in the profit or loss of their joint adventure or enterprise. The allegation that all three defendants were stockholders in the bankrupt company, but only two of them were creditors thereof, did not place their interests so as to make it impossible or improper for them to become partners in a joint adventure growing out of the reorganization of the old company.

We find no error in the overruling of the demurrer to the amended petition.

The judgment is affirmed.