[No. 27168. Department Two. December 12, 1938.]
FANNIE R. HOWLEY, *as Executrix, Respondent,* v. ALICE
FREDRICY, *as Executrix, Appellant.*[1]

*Ballinger, Clark, Mathewson & Force,* for appellant.

*Dodd & Russell* and *Arthur M. Harris,* for respondent.

GERAGHTY, J.—This action was brought by the plaintiff, as executrix of the estate of her deceased husband, John E. Howley, an attorney at law, to recover for professional services rendered by the decedent for the estate of Emma H. Whan, of which the defendant was executrix.

The complaint alleged that A. J. Collett, an attorney, had charge of the probate of the will of Emma H.

[1]Reported in 85 P. (2d) 259.

Whan, and continued to perform the professional services required by the estate until the time of his death in March, 1931; that prior to the death of Mr. Collett, an order had been made by the superior court allowing fees to the executrix in the sum of $2,500 and to her attorney in the like sum; that after the death of Mr. Collett, the defendant employed John E. Howley as attorney for the estate; and, April 15, 1932, the executrix and Mr. Howley entered into the following written agreement:

"AGREEMENT between Alice Fredricy, as executrix of the last will and testament of EMMA H. WHAN, deceased, and J. E. Howley, attorney for said estate:

"WHEREAS an attorney's fee of $2,500.00 was allowed by the Court in the probate proceedings upon said estate; and whereas the sum of $250.00 has been paid for and on account of said fee, leaving a balance of $2,250.00 unpaid; and whereas J. E. Howley is this date filing a receipt in Court showing that said attorney's fee has been settled and paid in full; and whereas the purpose of said receipt so filed in Court is to satisfy the title insurance company (Puget Sound Title Insurance Co.) that there is no lien as to attorney's fees against the property of said estate; and whereas the said attorney's fee has in fact not been paid, except the sum of $250.00 aforesaid, and it is necessary that there be some evidence of such non-payment, in view of the receipt which will be on file in Court as aforesaid; now, therefore, for the purpose of affording such evidence of non-payment,

"IT IS AGREED between the parties hereto that the said attorney's fee has not in fact been paid and settled, except that the sum of $250.00 has been heretofore paid on account; that the receipt aforesaid filed in Court showing payment is for the purpose of satisfying the title insurance company that there is no lien against the property as to attorney's fees; and that the balance of the attorney's fees shall be settled in such amount and paid at such time as the parties hereto agree."

It is alleged that thereafter Howley performed services as attorney for the executrix until the date of his death, August 31, 1935; that the services rendered by him were varied, responsible, and exacting, as the estate consisted of many items of mortgages, real estate contracts, properties subject to rental and lease, all having an appraised value in excess of forty thousand dollars; that, other than the payment of two hundred and fifty dollars to Collett, as recited in the agreement, the executrix made no payments on account of legal services; and that no agreement between the defendant and Howley had been reached prior to his death, and that his services were of the reasonable value of two thousand dollars.

It is alleged that, upon the death of Howley, Arthur M. Harris and the defendant entered into an oral agreement whereby Harris was to continue the services of Howley to the executrix, within the terms of the agreement pleaded in the complaint, this service to be rendered by Harris for the benefit of the Howley estate; that thereafter Harris performed various services for the executrix, of the value of one hundred and fifty dollars, and that this sum was owing to the Howley estate in addition to the sum due for services rendered by Howley during his lifetime.

The defendant, in her answer, admitted the employment of Howley, but alleged that the value of the professional services rendered by him to the estate did not exceed the sum of two hundred and fifty dollars, on account of which there had been paid to him, during his lifetime, fifty dollars, and, subsequently, to the plaintiff sixty dollars, leaving a balance of one hundred and forty dollars due the plaintiff. The answer alleged that the defendant had paid Arthur M. Harris in full for services rendered by him to the estate.

The cause was tried to the court sitting without a

jury. The court found that the defendant had, in the month of March, 1931, employed John E. Howley as her attorney in the Whan estate; that thereafter Mr. Howley rendered services, as attorney, to the estate until the month of August, 1935; that from the death of Howley and until December, 1936, the defendant employed Arthur M. Harris as attorney for the estate. The court found the value of the combined services rendered by John E. Howley and Arthur M. Harris to the estate to be of the value of one thousand dollars, on account of which one hundred and ten dollars had been paid, leaving a balance of eight hundred and ninety dollars due plaintiff from the estate. A judgment in favor of the plaintiff for this amount was entered. The defendant appeals.

The principal errors assigned by the appellant are based upon the assumption that the court, in determining the amount due the respondent from the estate, considered only the duration of the employment and the appraised value of the estate. This assumption is not justified by the record.

In the course of his oral decision, the court said:

"The court cannot overlook the fact that there are a great many files, memoranda, contracts, deeds, mortgages, which were handled by Mr. Howley. Surely Mrs. Fredricy took care of the properties, but it took an attorney to take care of the transfers and these negotiations. The record is full of correspondence and negotiations which show to me that in the handling of this estate Mr. Howley was called upon many, many times by this executrix, called upon to perform services valuable to the estate."

True, the court referred to the appraised value of the estate and the duration of Mr. Howley's service. The estate consisted of some twenty-two items of improved real estate sold on contract. The estate also had five loans secured by mortgages, as well as a num-

ber of unsecured notes. The estate, appraised, as the record shows, at forty-six thousand dollars, was of a character that would call for frequent recourse by the executrix to her attorney for advice. That she did do so, as the court found, is evidenced by papers and numerous memoranda in the files.

As the will provided for administration without court intervention, it was possible, of course, for the executrix, after the order of solvency, to have carried on herself without the aid of an attorney, except for the preparation of a final report and the entry of a decree of distribution, if she chose to have such a decree entered. But, as we have seen, the office files of Mr. Howley indicated that she did consult him.

Mr. Howley was dead and could not testify to the services he had rendered. He had been employed by the executrix to guide and counsel her in the administration of the estate, and, even if alive to testify, it would be unjust to limit his right of recovery, as the appellant seems to contend the right should be based, upon his ability to prove meticulously every item of service, large or small, rendered by him, or every call to his office made by the appellant for advice. As stated by the court in *Moore v. Scharnikow,* 48 Wash. 564, 94 Pac. 117, the services of an attorney cannot be measured in this manner:

"Where the retainer is general, and he advises his client or performs services in a number of distinct matters, he may properly be required to set out his charge for each separate matter, but when the services all relate to one subject it forms no just measure of the value of the services to separate the transaction into parts and have the attorney state what charge he made for each several part. The only correct method is to view the services as a whole, since by no other method can one of its most important elements; namely, the result of the service to the client, be taken into account in estimating the value of the service."

316

The court quoted in that case from *Randall v. Kingsland,* 53 How. Pr. (N. Y.) 512, where it is said:

" 'It may well be that an attorney, from prudential considerations, out of a just spirit of remembrance of his services and of rendering a precise charge against his client, and having due regard to the time occupied in his service, may make such constant and precise entries in respect to them, but it is difficult to conceive that while engaged in such an entire and continuous employment to enable a client to effect the settlement of an account in which he is interested, how the attorney could, with any justice, split up his charge for his services into items of fair legal individuality for each time that he saw or conversed with his client on the subject, or each occasion when he gave the matter any consideration, or saw and conversed with an opposite counsel or wrote a note to him on the subject. Such a system of exacting compensation for services as managing attorney in any particular transaction, unless expressing matter of agreement between the parties, would necessarily result in great unfairness, as entirely a departure from any just estimate of the value of an entire service in an entire though continuing employment.' "

The appellant objects to the court's taking into account, in fixing the amount due, the services rendered by Mr. Harris, contending that Mr. Howley's employment was personal; and, since he and Mr. Harris were not partners, the latter could not carry on after Mr. Howley's death. But the court found that Mr. Harris did not obtrude his services upon the appellant; she employed him to carry on as Mr. Howley had done. Mr. Harris regarded the Whan estate as a matter left unfinished by Mr. Howley, and assumed the employment with the understanding that it would inure to the benefit of the Howley estate; in other words, he rendered services to the appellant, in the course of independent employment, for which he was entitled

to be paid, but agreed that this payment should be made to the Howley estate.

The appellant acquiesced in an order made by the court fixing the attorney's fees at $2,500. It is fairly to be inferred from the record that this amount was not necessarily to be paid, but that the allowance was made for the purpose of fixing the net value of the estate for inheritance tax purposes; and the amount allowed for attorney's fees, as well as for executrix's fees, was, in fact, allowed as a proper deduction by the inheritance tax division. While this allowance is not controlling here, in view of the agreement between Mr. Howley and the appellant, it is significant, at least, in that it apprised the appellant that a fairly substantial fee would be chargeable to her.

On the whole, we are of the opinion that the amount allowed by the court was not excessive. The judgment will be affirmed.

STEINERT, C. J., BEALS, SIMPSON, and MILLARD, JJ., concur.