No. 37,027

BLANCHE ZINK, *Appellee,* v. DR. FRANCIS C. BASHAM and the BASHAM HOSPITAL AND CLINIC, a Partnership composed of F. C. BASHAM, JOHN BASHAM and JIM BASHAM, *Appellants.*

(190 P. 2d 203)

Opinion filed March 6, 1948.

*Homer V. Gooing,* of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Manford Holly* and *Dale M. Stucky,* all of Wichita, were with him on the briefs for the appellants.

*Kenneth H. Foust,* of Iola, argued the cause for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action for damages for alleged negligence and malpractice. The defendants appeal from the trial court's action in overruling their demurrer to the petition.

The petition, as originally filed, contains a general statement of facts, followed by specific allegations with respect to the acts of negligence on which plaintiff relies for recovery and was motioned in both particulars. Some of these motions were sustained but no attack is made on anything save acts of negligence as charged. Therefore, up to such point our factual statement can be based upon what is to be found in the pleading as amended. The substance of what is there alleged can be stated thus: The defendants Francis C., John and Jim Basham are physicians and surgeons who, as partners, own and operate the Basham Hospital and Clinic in Eureka, Kan. Except for the partner relationship the last two individuals named are not involved and nothing hereinafter stated has reference to their personal conduct or action. On September 21, 1944, plaintiff went from her home in Neosho Falls to the hospital, pursuant to appointment, and at 9 a. m. registered for examination by Francis C. Basham. Doctor Basham was not at the hospital and did not appear there until 2:30 on the morning of September 22. At that hour, plaintiff who had been put to bed was aroused from her sleep and advised the doctor wanted her to come to the examination room. After she reached there he appeared and stated he had another patient to care for and would come back later. Plaintiff was then left lying upon a table. It was quite cold. After a while she was covered with a blanket by a nurse. Doctor Basham was gone a considerable length of time. On his return he stated he was going to give plaintiff a shot. She advised him she was there for an examination. He stated the shot was to ease the pain before making an examination. She replied she preferred to wait until morning but he insisted on and did make two injections into her spine, one on each side of the back. Immediately plaintiff's body became paralyzed below the part where the injections were made. She became unable to move her legs although before the injections she had had complete use of them. Thereafter, plaintiff was returned to a bed in the hospital where she remained for a month. She vomited for more than a day and during her stay in bed the flesh on her legs became loose and flabby, her body became

cold and moist, her feet drooped and her bladder and bowels were paralyzed. She was not examined at all until the day on which she left the hospital and returned to her home. Since returning to her home she has at all times been confined to her bed.

With reference to specific charges of negligence it should be said the original petition avers that Doctor Basham was negligent in his treatment of plaintiff, resulting in her present condition and to her damage in the amount therein stated, and alleges that such negligence consisted of the following acts:

"1. Said defendant was negligent in injecting said plaintiff without first having made an examination.

"2. Said defendant was negligent in making said injections in the spine of said plaintiff at 2:30 o'clock in the morning, not being the ordinary or customary time for making such injections.

"3. Said defendant was negligent in making said injections at a time when he, Dr. Francis C. Basham, was not in the proper physical condition to make said injections.

"4. Said defendant was negligent in that he gave the plaintiff too large an injection and more than was necessary and proper.

"5. Said defendant was negligent in that he made said injections in that part of plaintiff's back where such injections should not be made and where it would be injurious to the health of the plaintiff.

"6. Said defendant was negligent in that he made the injections into the nerve in the back of said plaintiff instead of making said injections into the nerve shaft."

With respect to the foregoing allegations as numbered, all of which were contained in the 9th paragraph of the petition, defendants took the following action:

They moved to strike No. 1 as a conclusion not supported by any allegation of specific acts of negligence and as being irrelevant, immaterial and prejudicial. In the alternative they asked that such allegation be made more definite and certain by showing what an examination, prior to the injections, would have disclosed and what benefits would have been derived therefrom. This motion was overruled by the trial court in its entirety.

They moved to strike No. 2 for failure to state any negligence whatsoever. This motion was sustained.

They moved to strike No. 3 as a conclusion not supported by any allegations of specific facts and in the alternative asked that it be made definite and certain by stating facts, from which the condition of Doctor Basham could be ascertained and, disclosing the manner and extent his making of the injection was affected by that

condition. The court refused to strike the allegation but required it to be made more definite and certain as requested.

They moved to strike No. 4 for the same reasons stated in their objection to No. 3 and in the alternative asked that plaintiff be required to state the quantity of matter alleged to have been injected and what quantity would have been necessary and proper. This motion was also overruled *in toto.*

They moved to strike No. 5 on similar grounds and in the alternative requested plaintiff be required to allege in what part of plaintiff's back the injections were made; where they should have been made, and how and in what manner, on account of the place in which they were made, such injections resulted in injury. The court refused to strike allegation No. 5 but required the plaintiff to make it more definite and certain.

They moved to strike No. 6 as unintelligible, asking that if this request be denied it be made more definite by stating in what nerve in plaintiff's back the injections were made and what was meant by "nerve shaft." The court sustained the alternative request only.

Plaintiff then amended her petition so that it now reads:

"1. Said defendant was negligent in injecting said plaintiff without first having made an examination.

"2. Said defendant was negligent in making said injections at a time when he, Dr. Francis C. Basham, was not in the proper physical condition to make said injections, the said Dr. Francis C. Basham being unsteady in his walking and in the use of his hands and fingers when he made said injections.

"3. Said defendant was negligent in that he gave the plaintiff too large an injection and more than was necessary and proper.

"4. Said defendant was negligent in that he made said injections in that part of plaintiff's back where such injections should not be made and where it would be injurious to the health of the plaintiff, said injections being made in the spine of the plaintiff and affecting the cauda equina nerve, paralyzing said nerve."

Thereafter, defendants moved to strike Nos. 2 and 4 of the allegations of negligence set forth in the amended petition for the reason they did not conform to the order of the court. This motion was denied.

Thereupon defendants filed a general demurrer to the amended petition, the overruling of which serves as the basis for this appeal.

Appellants contend that no one of the four allegations of negligence appearing in the amended petition, as heretofore quoted, is sufficient to sustain the appellee's cause of action.

So far as allegations 1 and 3 are concerned the gist of appellants' argument is that they constitute mere conclusions unsupported by a statement of specific facts. We do not agree. Each clearly and definitely point out the acts of negligence on which appellee predicates her right of recovery and fairly apprises appellants of the nature of her claim, not in general but in specific terms. In No. 1 the particular fact relied on is the administration of the injection by Doctor Basham without first having made an examination. In No. 3 it is that he gave appellee too large an injection and more than was necessary and proper. In this jurisdiction, even as against a motion to make more definite and certain, a petition which makes the nature of the charge apparent is deemed to be sufficient (*Republic County v. Guaranty Co.*, 96 Kan. 255, 150 Pac. 590; *McCroskey v. Manufacturing Co.*, 112 Kan. 434, 211 Pac. 133; *Hasty v. Bays*, 145 Kan. 463, 66 P. 2d 265). Moreover, when such a pleading is challenged by a motion to make more definite and certain and that motion is overruled it is entitled to a liberal construction when tested by a demurrer (*Henderson v. National Mutual Cas. Co.*, 164 Kan. 109, 187 P. 2d 508).

With respect to allegation 2 appellants complain that appellee did not comply with the court's order requiring her to make allegation 3 of the original petition more definite by stating facts from which the physical condition of Doctor Basham might be ascertained and by stating facts to show in what manner and to what extent the making of the injection was affected by such condition. Apparently, the trial court thought she did, for it overruled appellants' motion to strike such allegation predicated upon that ground. We are not too sure the amendment did not substantially comply with appellants' motion as sustained. Of a certainty an allegation that a physician and surgeon was unsteady in his walking and in the use of his hands and fingers when he made an injection not only states facts from which his physical condition at the time could be ascertained but tends to throw some light on how his action in that respect was affected by such condition. Enough, we believe, that it cannot be said the trial court abused its discretion in overruling the motion to strike or, as suggested by appellants, that its action in so doing was tantamount to a reversal of its prior ruling on the motion to make more definite and certain.

It will not be necessary to here reproduce appellants' analysis of the foregoing allegation of the amended petition. It will suffice to

say that in our opinion, by any rule of construction, it fairly informs them of the particular act of negligence on which appellee relies and is sufficient as against a demurrer.

What has just been stated is equally applicable to and disposes of appellants' contention with respect to the fourth and final allegation of negligence. We find nothing in appellants' contentions with respect thereto which requires a contrary conclusion. Assuming the possibility, as they suggest, appellee may not be able to establish everything therein stated by expert medical testimony we are not disposed, as they insist, to reach out and in ruling on a pleading say that it is well known or a matter of common knowledge that the cauda equina is not referred to or regarded as a nerve or bundle of nerves in medical parlance, thereby depriving her of an opportunity to do so. While it is true courts may properly take judicial notice of matters of common and general knowledge they are never justified in taking judicial notice of facts which are not (31 C. J. S. § 9, 510; 20 Am. Jur. 49 § 18). Indeed one of the very authorities which appellants cite in support of their position expressly so states (See 31 C. J. S. 665, 666 § 79).

The judgment of the district court overruling the demurrer is sustained.